MICHAEL E. KIRBY, Judge.
 

 | j Plaintiffs, James and Renee Hamilton, individually and on behalf of their minor daughter, Kirstyn Hamilton, appeal the trial court’s grant of summary judgment in
 
 *947
 
 favor of defendant, Colony Insurance Company. Because we find that the summary judgment was properly granted, we affirm.
 

 This case involves an accident that occurred at the 2005 Louisiana Bike Expo. The weekend event was sponsored by Scooter Promotions, and held at the Louisiana Superdome. Plaintiffs were watching a performance by a stunt motorcycle driver when the driver lost control of his motorcycle and crashed into the crowd. The plaintiffs were injured as a result of this accident, and filed suit against the motorcycle driver, Travis Willis, SMG Inc. d/b/a Louisiana Superdome, Scooter Promotions, LLC and its insurer for the event, Colony Insurance Company.
 

 Colony filed a motion for summary judgment, arguing that its policy excluded coverage for bodily injury resulting from a motorsport event. The policy |2at issue contained an endorsement entitled, “Fireworks, Rides, Motorsports and Animals Exclusion.” This endorsement stated, in pertinent part:
 

 This insurance does not apply to “bodily injury”, “property damage” or “personal and advertising injury” arising out of or resulting from:
 

 ⅜ ⅜ * ⅜
 

 (3) All “motorsports” events operated by or on behalf of any insured.
 

 The endorsement defined “motorsports” as “any activity involving a motorized vehicle, watercraft, aircraft,” “auto” or “mobile equipment.”
 

 In opposing the motion for summary judgment, plaintiffs conceded that the insurance policy contained the above-quoted exclusion, but argued that enforcement of this exclusion would lead to an absurd result. They contended that the clause should be considered ambiguous because it fails to express the common intent of the parties.
 

 Following a hearing, the trial court granted Colony’s motion for summary judgment, and dismissed plaintiffs’ claims against that party. The trial court also certified the summary judgment as a final judgment for purposes of La. C.C.P. article 1915(B), making it immediately appeal-able.
 

 Plaintiffs appeal, arguing that the trial court erred in granting Colony’s motion for summary judgment because (1) the motorsports exclusion leads to absurd consequences and is ambiguous, and (2) discovery is not complete so the | sintent of the parties to the contract is still at issue. We find no merit in either argument.
 

 The policy exclusion for injury resulting from motorsport events is clear and unambiguous. At the conclusion of the motion hearing, the trial court referred to the exclusion at issue and stated, “I don’t know how it gets any clearer than that, counsel.” We agree.
 

 Plaintiffs’ argument that the motor-sports exclusion leads to absurd consequences ignores the fact that the motorcycle stunt show was only one part of the Louisiana Bike Expo, which featured the exhibition of motorcycles. The declarations page of the policy described the business insured as a “motorcycle trade show.” The insurance policy secured by Scooter Promotions for this event was a standard commercial general liability policy with endorsements and exclusions, including the one at issue. There is no evidence in the record that Scooter paid an additional premium to secure coverage for motorsports events. Colony cannot be held liable for damages resulting from risks it was not paid to cover.
 

 Plaintiffs’ other argument, that the motion for summary judgment was premature
 
 *948
 
 because of incomplete discovery, is not persuasive. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent. La. C.C. article 2046. Additional discovery cannot change the motorsports exclusion, which we find to be clear and unambiguous and not leading to absurd consequences.
 

 |4A motion for summary judgment shall be granted when the motion shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. article 966. Because we find that Colony proved its entitlement to summary judgment, we find no error on the part of the trial court.
 

 For these reasons, we affirm the trial court judgment.
 

 AFFIRMED.