Judge Joy Cossich Lobrano
| tin this medical malpractice case, rela-tors, Allen Jacobs, M.D., Brian Rodgers, M.D., and Brett Travis, M.D., seek supervisory review of the August 18, 2016 judgment of the district court, which denied the motions for summary judgment filed by relators. On the showing made, we find that there was not an opportunity for adequate discovery as provided under La. C.C.P. Art. 966(A)(3). Accordingly, we exercise our supervisory jurisdiction, grant the writ, and affirm the denial of summary judgment.
Respondents, Arthur A. Serpas and Patricia Serpas, brought claims against several health care providers in connection with a foreign object allegedly left in Mr. Serpas’ body following surgery. Relators, who are radiologists, were named as defendants along with other health care providers. Relators filed motions for summary judgment seeking dismissal of all claims against them, contending that respondents had not identified an expert witness who would testify that relators breached the standard of care applicable to radiologists. The district court denied relator’s motions.
1 ⅞“ Appellate courts review a judgment granting or denying a motion for summary judgment de novo.” Louisiana High Sch. Athletics Ass’n, Inc. v. State, 2012-1471, p. 18 (La. 1/29/13), 107 So.3d 583, 598 (citing Bonin v. Westport Ins. Corp., 2005-0886, p. 4 (La. 5/17/06), 930 So.2d 906, 910). Generally, a motion for summary judgment may only be granted *429 “[ajfter an opportunity for adequate discovery...” La. C.C.P. 966(A)(3). “Although the language of article 966 does not grant a party the absolute right to delay a decision on a motion for summary judgment until all discovery is complete, the law does require that the parties be given a fair opportunity to present their case.” Leake & Andersson, LLP v. SIA Ins. Co. (Risk Retention Grp.), 2003-1600, pp. 3-4 (La.App. 4 Cir. 3/3/04), 868 So.2d 967, 969 (citing Doe v. ABC Corp., 2000-1905, pp. 10-11 (La.App. 4 Cir. 6/27/01), 790 So.2d 136, 143). This Court has found summary judgment premature where the party opposing summary judgment was not afforded a reasonable opportunity to take relevant depositions prior to being required to defend against the motion for summary judgment. Doe, 2000-1905 at p. 11, 790 So.2d at 143.
On review of the record before us, we are unable to conclude that there has been an opportunity for adequate discovery. The writ application lacks any showing of deadlines in which the parties are required to disclose expert witnesses or complete discovery. Rather, the record reflects no dispute that discovery was ongoing. For example, John Pigott, M.D., one of the surgeons named as a defendant, had not been deposed at the time that the motion for summary judgment was before the district court. In this litigation, the standards of care for multiples types of health care providers are at issue. Under the particular facts of this case, it is reasonable for the respondents to take Dr. Pigott’s deposition and obtain any testimony that may shed light on the fault of potentially responsible parties, if any, prior to requiring respondents to oppose summary judgment with expert opinion. Denial of summary judgment was proper.
Accordingly, for these reasons, we exercise our supervisory jurisdiction, grant the writ, and affirm the August 18, 2016 judgment of the district court.
WRIT GRANTED; AFFIRMED