Judge Rosemary Ledet
| ¶ This is an insurance coverage dispute arising out of a claim under a Motor Truck Cargo Liability Policy. From the trial court’s judgment granting the motion for-summary judgment filed by the defendant-insurer, OOIDA Risk Retention Group, Inc. (“OOIDA”), the plaintiff, Roadrunner Transportation Systems (“Roadrunner”), appeals. The defendant-insured, Anita Brown, d/b/a Browns Transport (“Ms. Brown”), is not a party to this appeal. Finding merit to Roadrunner’s argument that.it was premature for the trial court to grant summary judgment given the lack of adequate discovery, we reverse and remand for further proceedings.
FACTUAL AND PROCEDURAL BACKGROUND
Roadrunner contracted with a third party, Sage V. Foods (“Sage”), to arrange for the transportation of á shipment of frozen rice from Little Rock, Arkansas to Ontario, California. Róadrunnér, in turn, contracted with- Ms.' Brown to transport the frozen rice. The transportation schedule called for the shipment to be picked up on May 18, 2015, from Sage in Little Rock, Arkansas, and for it to be ^delivered by May 21, 2015, to a warehouse in Ontario, California. Pursuant to this contract, Ms. Brown transported the frozen rice product in a truck owned, operated, and maintained by her. Upon arrival at the warehouse in California, the frozen rice shipment was tested and found to be spoiled. Sage rejected’ áñd destroyed the spoiled rice on May 27, 2015. Sage demanded reimbursement from Roadrunner for the loss of the frozen rice shipment, totaling $42,303.54, which Roadrunner paid.
Contending that the loss of the shipment was the result of Ms. Brown’s failure to keep the rice properly cooled while being transported, Roadrunner commenced this suit on January 26, 2016, against Ms. Brown and her insurer, OOIDA. In its petition, Roadrunner averred that Ms. Brown’s negligence, which caused the loss of the frozen rice shipment, consisted of the following non-exclusive particulars: failing to properly use, operate, and maintain the truck or trailer; failing to sufficiently cool the product; and failing to follow standard industry practices regarding transport of frozen goods.
On March 31, 2016, OOIDA answered the petition solely on its own behalf.[1] In its *1268 answer, OOIDA acknowledged that it issued a policy of insurance to Ms. Brown; however, it denied coverage of Roadrunner’s claim. On June 15,2016, OOIDA filed a motion for summary judgment, seeking a determination that there was no coverage for Roadrunner’s claim under the policy it issued to Ms. Brown. |aThe only evidence OOIDA offered in support of its summary judgment motion was Roadrunner’s petition and OOIDA’s policy. In its memorandum in support of its motion, OOIDA cited the following provisions of the Motor Truck Cargo Liability Policy it issued to Ms. Brown:
INSURING AGREEMENT
In consideration of the premium paid hereon. ... Underwriters hereby agree to indemnify the Insured for all risks of physical loss or damage from an external cause to lawful cargo in and/or on a covered truck while in their care, custody or control in the ordinary course of transit, including loading and unloading by the Insured, during the period of insurance specified in this Policy, while such covered [trucks] are within the contiguous states of the United States of America, the District of Columbia, Alaska (subject to condition 2) and Canada.
THIS INSURANCE BEING SUBJECT TO ALL THE PROVISIONS, DEFINITIONS, EXCLUSIONS, TERMS AND CONDITIONS CONTAINED IN THE FOLLOWING WORDING.
* * *
EXCLUSIONS
This insurance does not cover:
[[Image here]]
5. Loss or damage caused by spoilage, contamination, deterioration, freezing, rusting, electrical and/or mechanical failure, and/or damage to refrigerated and/or temperature controlled cargo
UNLESS CAUSED BY OR RESULTING FROM:
(a) fire, lightning, or explosion;
(b) accidental collision of the covered truck with any other vehicle or object;
(c) overturning of the covered truck;
* * *
|4(h) theft;
(i) stranding, collision, burning, grounding or sinking of ferry while the covered truck is on board.
[[Image here]]
11. Loss or damage caused by or resulting from mildew, decay, mold, insects, vermin, insufficiency of insulation or packing, improper securement, wear, tear, gradual deterioration, or natural loss in weight or volume.
[[Image here]]
CONDITIONS
[[Image here]]
24. REFRIGERATION BREAKDOWN
Where applicable this policy shall cover the Insured’s legal liability for loss of or damage to refrigerated and or temperature controlled cargo but only when such loss and or damage is conclusively proven to have been caused by mechanical failure of or breakdown of automatic temperature control unit.
OOIDA contended that there is no coverage arising out of the above Insuring Agreement because the loss Roadrunner is claiming did not result from an external cause. In support, OOIDA cited its enumeration of the following Undisputed Material Facts:
• The tractor-trailer in question transporting the frozen food product was *1269 not involved in an accident while in transit.
• The refrigeration unit of the trailer in question transporting the frozen food product did not experience any mechanical breakdown or failure while in transit.
• There was no external cause associated with any loss or damage to lawful cargo in and/or on a covered truck.
In addition, OOIDA contended that coverage for any such loss is specifically excluded under the policy Exclusions Numbers 5 and 11, quoted] K above. As to Exclusion Number 5, OOIDA further contended that the alleged spoilage claimed by Roadrunner did not result from the exclusive list of exceptions to that exclusion.
Opposing the motion, Roadrunner made the following three arguments: (i) it had not been allowed adequate discovery; (ii) the defendant-insured, Ms. Brown, had not been served with either the petition or the summary judgment motion; and (iii) OOI-DA failed to present any evidence to prevail on its summary judgment motion.
At the September 30, 2016 hearing on the summary judgment motion, the trial court initially expressed concern whether adequate discovery had been allowed, stating that “it seems to me it was a very short period of time.” Responding to this characterization of the procedural posture of the case, OOIDA pointed out to the trial court the various dates when pleadings were filed—the petition, on January 26, 2016; the answer, on March 31, 2016; and the summary judgment motion, on June 15, 2016. OOIDA further pointed out that the September 30, 2016 hearing date was scheduled three months after OOIDA’s summary judgment motion was filed, six months after OOIDA’s answer and affirmative defenses setting forth the policy defenses was filed, and eight months after Roadrunner’s suit was filed. Given this timeline, OOIDA argued, and the trial court was'persuaded, that Roadrunner had already been given an opportunity to conduct adequate discovery. The trial court also rejected Roadrunner’s contention that OOIDA failed to present any evidence to evidence to meet its burden of proof as mover, The trial court reasoned that “[t]he policy is evidence enough.”
From the trial court’s October 14, 2016 judgment granting OOIDA’s motion for summary judgment, Roadrunner filed the instant appeal.
| ^SUMMARY JUDGMENT OVERVIEW
An appellate court reviews a trial court’s ruling granting a motion for summary judgment de novo, applying the same standard used by the trial court. Louisiana High School Athletics Ass’n, Inc. v. State, 12-1471, p. 18 (La. 1/29/13), 107 So.3d 583, 598 (citing Bonin v. Westport Ins. Corp., 05-0886, p. 4 (La. 5/17/06), 930 So.2d 906, 910). In so doing, an appellate court, like a trial court, must determine “whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law.” Supreme Services and Specialty Co., Inc. v. Sonny Greer, Inc., 06-1827, p. 4 (La. 5/22/07), 958 So.2d 634, 638; see also La. C.C.P. art. 967 C.[2] The standard for obtaining a summary judgment is set forth in La. C.C.P. art. 966 A(3), which provides that “[a]fter an opportunity for adequate discovery, a motion *1270 for- summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact ahd that the mover is entitled to judgment as a matter of law.”[3] '
“[I]n reviewing summary judgments, we remain mindful of which party bears the burden of proof.” Orleans Parish School Bd. v. Lexington Ins. Co., 12-0095, p. 6 (La.App. 4 Cir. 8/28/13), 123 So.3d 787, 790. The burden of proof on a 17motion for summary judgment is governed by La. C.C.P. art. 966 D(1), which provides for a shifting burden of proof.[4]
Despite the legislative mandate that the summary judgment procedure is favored, the jurisprudence has recognized that “any doubt as to a dispute regarding a material issue of fact müst be resolved against granting the motion and in favor of a trial on the merits.” Bridgewater v. New Orleans Reg’l Transit Auth., 15-0922, pp. 5-6 (La.App. 4 Cir. 3/9/16), 190 So.3d 408, 412, writs denied, 16-0632 (La. 5/20/16), 191 So.3d 1071). The determination of whether a fact is material turns on the applicable substantive law. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751.[5]
DISCUSSION
The dispositive issue in this case is whether there is a genuine issue of material fact that OOIDA’s policy provides coverage for Roadrunner’s loss. The | ^applicable substantive law imposes on Roadrunner—standing in the insured’s (Ms. Brown’s) shoes—the burden of proving that the incident falls within the terms of the policy; whereas, the law imposes on OOIDA—as the insurer—the burden of proving the applicability of a policy exclusion. See Rosen v. United Services Auto. Ass’n, 12-0284, p. 4 (La.App. 4 Cir. 11/14/12), 104 So.3d 633, 637. The law also imposes on an insurer the burden of pro *1271 viding some factual basis not only that an exclusion to the policy applies, but also that an exception to the exclusion is not present. Veuleman v. Mustang Homes, LLC, 13-190 (La. 4/5/13), 110 So.3d 572.[6]
“Interpretation of an insurance policy ordinarily involves a legal question that can be properly resolved by a motion for summary judgment.” Bernard v. Ellis, 11-2377, p. 9 (La. 7/2/12), 111 So.3d 995, 1002 (citing Cutsinger v. Redfern, 08-2607 (La. 5/22/09), 12 So.3d 945). Applying this principle, this court held in Orleans Parish School Bd. v. Lexington Ins. Co., 12-1686, p. 30 (La.App. 4 Cir. 6/5/13), 118 So.3d 1203, 1223, that “[w]hen the words of an insurance contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent (La. C.C. art. 2046); and additional discovery cannot change the result.” Id.[7]
•This is not a case in which an insurer is seeking summary judgment based on undisputed facts and simply seeking an interpretation of its policy based on those | ¡¡facts. Indeed, at the hearing on the motion, OOIDA acknowledged that “[t]his motion seeks to adjudicate the fact that plaintiffs have no evidence to prove that the trailer was involved in an accident or a collision or any other type of external cause which would have disabled the refrigeration unit.” The existence of an external cause is a factual issue.
Before the trial court, OOIDA relied on its statement of Undisputed Material Facts, quoted earlier, as establishing that none of the events triggering coverage, including an external cause for the loss, occurred. As Roadrunner points out, the sole basis for OOIDA’s statement , of Undisputed Material Facts was the aver-ments of Roadrunner’s petition and the terms of OOIDA’s policy. In its initial petition, Roadrunner did not unambiguously aver that the spoilage resulted from an excluded cause: Rather, it averred that the negligence claims it was asserting against Ms. Brown were non-exclusive, creating the possibility of coverage based on further discovery.[8] Contrary to OOIDA’s sug- *1272 gestión, and the trial court’s |lflapparent conclusion,[9] the issue of an external cause for the loss is a disputed issue of material fact, which precludes the granting of summary judgment.[10]
Regardless, we End merit to Roadrunner’s contention that summary judgment was prematurely granted given that it has not been given the opportunity to conduct adequate discovery to present its claims. As noted earlier, the standard for obtaining a summary judgment is set forth in La. C.C.P. art. 966 A(3). The 2015 Comments to La. C.C.P. art. 966 provide that subpar-agraph A(3) does not change the law and that this subparagraph “makes clear that a motion for summary judgment should be heard and granted only after there has been an opportunity for adequate discovery.” 2015 Comments to La. C.C.P. art. 966.[11] Continuing, the |¶12015 Comments state that “[a] continuance should be granted to a party who has not had adequate time to conduct discovery relating to the issues in the motion.” Id.
When discovery is alleged to be incomplete, a trial court has the discretion either to hear the summary judgment motion or to grant a continuance to allow further discovery. Simoneaux v. E.I. du Pont de Nemours and Co., 483 So.2d 908, 912 (La. 1986); Eason v. Finch, 32,157, p. 7 (La.App. 2 Cir. 8/18/99), 738 So.2d 1205, 1210. In this procedural context, a trial court’s choice to hear a motion for summary judgment or to grant a continuance is reviewed under an abuse of discretion standard. Rivarde v. City of New Orleans, *1273 15-0655, p. 5 (La.App. 4 Cir. 3/9/16), 190 So.3d 400, 403, writ denied, 16-0670 (La. 5/27/16), 192 So.3d 744.
Construing Article 966, this court has held that “[although the language of article 966 does not grant a party the absolute right to delay a decision on a motion for summary judgment until all discovery is complete, the law does require that the parties be given a fair opportunity to present their case.” Leake & Andersson, LLP v. SIA Ins. Co. (Risk Retention Grp.), Ltd., 03-1600, pp. 3-4 (La.App. 4 Cir. 3/3/04), 868 So.2d 967, 969. Similarly, the Louisiana Supreme Court, construing that Article 966, has held that “[ujnless plaintiff shows a probable injustice a suit should not be delayed pending discovery when it appears at an early stage that there is no genuine issue of fact.” Simoneaux, 483 So.2d at 913.
Addressing an adequate discovery claim, the jurisprudence has identified the following four relevant factors for the court to consider:
|l2(i) whether the party was ready to go to trial,
(ii) whether the party indicated what additional discovery was needed,
(iii) whether the party took any steps to conduct additional discovery during the period between the filing of the motion and the hearing on it, and
(iv) whether the discovery issue was raised in the trial court before the entry of the summary judgment.
Bass Partnership v. Fortmayer, 04-1438, p. 10 (La.App. 4 Cir. 3/9/05), 899 So.2d 68, 75 (citing Greenhouse v. C.F. Kenner Associates Ltd. Partnership, 98-0496, p. 3 (La. App. 4 Cir. 11/10/98), 723 So.2d 1004, 1006). Applying those factors to the instant case supports our finding that adequate discovery has not been allowed here.
First, the readiness of the parties to go to trial is inapposite; this case has not been set for trial. Second, Roadrunner indicated that it needed to conduct additional discovery to determine what caused the loss of the shipment and to address OOI-DA’s coverage defenses. Third, the record reflects that Roadrunner took several steps to conduct discovery, including attempting to locate Ms. Brown, before the summary judgment hearing; those steps were as follows:
• On August 5, 2016, Roadrunner filed a Motion to Compel OOIDA to answer Roadrunner’s outstanding discovery requests. Its discovery requests, which were issued on May 26, 2016, Roadrunner sought information regarding OOIDA’s coverage defenses. Before Roadrunner’s motion to compel was heard, however, OOIDA answered the discovery responses, providing a copy of its policy. Moreover, in its responses, OOIDA stated that “discovery is ongoing.”
• Also on August 5, 2016, Roadrunner filed a Motion to Appoint Curator to represent Ms. Brown, who Roadrunner had been unsuccessful in serving with the petition and who was alleged to be an “absent defendant.” In its brief to this court, Roadrunner represents that “[ojnce that motion was granted, Roadrunner propounded written discovery on the insured, but as of this filing, the discovery was not answered.”
lis* On September 14, 2016, Roadrunner filed a Motion for Leave to File First Supplemental and Amended Petition for Damages. In its motion for leave to amend, Roadrunner alleged that it was seeking to clarify its averments regarding Ms. Brown’s failure to properly use, operate, and maintain the truck or trailer and to assert additional *1274 claims under res ipsa loquitur and La. C.G. Arts. 2317 and 2317.1.
Fourth, and finally, Roadrunner raised the issue of lack of adequate discovery before the trial court both in its memorandum in opposition to the motion and at the hearing on the motion. Indeed, the trial court at the hearing on the motion acknowledged its concern regarding whether adequate time for discovery had. been allowed; however, the trial court was persuaded by OOIDA’s argument regarding the timeline. Taken together, these four factors support Roadrunner’s position that the trial court abused its discretion in failing to allow adequate discovery before ruling on OOIDA’s summary judgment motion.
When addressing an adequate discovery claim, this court has recognized another factor that may be considered is whether discovery has been hindered by a circumstance beyond an opponent’s control. See Bourgeois v. Curry, 05-0211, p. 10 (La. App. 4 Cir. 12/14/05), 921 So.2d 1001, 1008 (holding that, in the appropriate factual context, a court can “be receptive, to an argument that discovery has been hindered by some circumstance beyond the [opponent’s] control.”). This court, however, cautioned that the need for additional time to conduct discovery based on such a hindering circumstance should be documented in the record; the need should be “expressed in a motion to continue, motion to compel, or other pleading.” Id. Such is the case here.
Roadrunner’s inability to locate Ms, Brown resulted in a circumstance beyond its control that hindered its attempts to discover information it needed to defend against OOIDA’s coverage defenses. Roadrunner emphasizes that Ms. [uBrown is the party best suited to respond to its discovery requests and that it has been unable to locate her; as Roadrunner points out in its appellant brief, “despite its many efforts, [it] has not had the chance to undertake discovery of the party in the best position to confirm the exact cause of the loss of the frozen rice product, OOI-DA’s insured, [Ms.] Brown.” Roadrunner’s inability to locate Ms. Brown is documented in a pleading in the record—its motion to appoint a curator to represent Ms. Brown as an absent defendant in this case.
In rejecting Roadrunner’s contention regarding inadequate discovery, the trial court, agreeing with OOIDA, relied solely on the timeline of the procedural events in this case. The atypical circumstances presented in the instant insurance coverage dispute—an unserved, absent defendant-insured—illustrate the need to consider other factors in conjunction with the time-line in determining the adequate discovery issue. See Rogers v. Hilltop Retirement & Rehabilitation Ctr., 13-867, pp. 4-5 (La. App. 3 Cir. 2/12/14), 153 So.3d 1053, 1058 (noting that “[t]he trial court may take into consideration such factors as diligence, good faith, reasonable grounds, fairness to both parties and the need for the orderly administration of justice” in addressing the adequate discovery issue).
Viewed in context, the timeline here— only eight months between the filing of the petition and the summary judgment motion hearing—was relatively short. Indeed, as noted earlier, the trial court described it as “a very short period of time.” Given the presence of a hindering circumstance coupled with the relatively short timeline, we find it was an abuse of discretion for the trial court to refuse to allow Roadrunner to conduct adequate discovery before deciding the summary judgment motion.
| ^DECREE
For the forgoing reasons, the judgment of the trial court granting the motion for summary judgment filed by OOIDA is re *1275 versed. This matter is remanded to the trial court for further proceedings.
REVERSED AND REMANDED

. As discussed elsewhere in this opinion, Ms. .Brown could not be served with .the petition. As a result, Roadrunner filed a Motion to Appoint a Curator to represent her in this suit as an "absent defendant.” Roadrunner’s motion was granted, and a curator was appointed on August 16, 2016. The record reflects that the curator did not answer the petition until November 16, 2016, which was after *1268 OOIDA's motion for summary judgment was granted.

. La. C.C.P. art. 967 C provides as follows:
If it appears from the affidavits of a party opposing the motion that for reasons stated he cannot present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

. All references in this opinion-to La. C.C.P. art. 966 are to this article as amended by 2015 La. Acts No. 422, which became effective January 1, 2016. The amendment applies in this case since the motion for summary judgment was filed on June 15, 2016, and decided on October 14, 2016.

. La. C.C.P. art. 966 D(l) provides as follows:
The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the, adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is hot entitled to judgment as a matter of law.' ■
The burden does not shift to the party opposing the summary judgment until the moving party first presents a prima facie case showing that there are no genuine issues of material fact. Rapp v. City of New Orleans, 95-1638, p. 4 (La.App. 4 Cir. 9/18/96), 681 So.2d 433, 437. The movant does not carry his initial burden when he simply "points out” by motion or brief that the plaintiff lacks factual support for any claim against him. See 1 Frank L. Maraist, LA. CIV. L. TREATISE, CIVIL PROCEDURE § 6:8 (2d ed. 2016) (citing Sheppard v. City of Baton Rouge, 02-2421 (La.App. 1 Cir. 9/17/04), 897 So.2d 25).

."[Fjacts are material if they potentially insure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of the legal dispute.” South Louisiana Bank v. Williams, 591 So.2d 375, 377 (La. App. 3rd Cir. 1991). A "genuine issue” is a "triable issue”—one as to which reasonable persons could disagree. In re Med. Review Panel of Williams v. EMSA Louisiana, Inc., 15-1178, pp. 7-8 (La.App. 4 Cir. 10/21/16), 203 So.3d 419, 425-26; In re Succession of Jones, 14-0642, p. 7 (La.App. 4 Cir. 11/12/14), 154 So.3d 624, 628.

. The jurisprudence has held that “[s]ummary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, when applied- to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded.” Reynolds v. Select Properties, Ltd., 93-1480 (La. 4/11/94), 634 So.2d 1180, 1183 (citing Westerfield v. LaFleur, 493 So.2d 600, 605 (La. 1986)).

. See also Hamilton v. Willis, 09-0370, p. 3 (La.App. 4 Cir. 11/4/09), 24 So.3d 946, 948 (rejecting argument that summary judgment was premature, noting that "[aldditional discovery cannot change the motorsports exclusion, which we find to be clear and unambiguous and not leading to absurd consequences”); River Bend Capital, LLC v. Lloyd’s of London, 10-1317, p. 5, 63 So.3d 1092, 1096 (holding that ''[f]urther. discovery ... is ‘ unnecessary where the language is clear and unambiguous as here”).

.Moreover, Roadrunner filed a motion,-for leave to amend its petition to clarify that its allegations of negligence by adding the fol- , lowing two averments:
• Failure to properly .operate ■ the truck/trailer, including but not limited to the allegation that Browns’ negligent failure to properly operate the truck/trailer caused an accident and/or collision which caused the loss of the frozen rice;
• Failure to properly maintain the truck/trailer, including but not limited to the allegation that such failure to properly maintain the truck/trailer caused mechanical failure and or breakdown of the truck/trailer’s refrigeration systems.8
At this procedural juncture, it would be inequitable to allow an insurer to rely on the averments of the initial petition in a suit by a third party claimant—as opposed to an insured—to grant summary judgment on the issue of coverage. As Roadrunner states in its appellee brief, “an injured party not privy to the terms of the policy in advance of litigation *1272 would be required to anticipate potential policy exclusions in preparing its initial pleadings to avoid summary judgment.”

. According to OOIDA, the trial court, at the motion hearing, resolved the issue of whether there was an external cause in its favor. The colloquy between OOIDA's counsel and the trial court that OOIDA cites for this proposition was as follows:
MR. G'SELL [OOIDA’s COUNSEL]:
[[Image here]]
This motion seeks to adjudicate the fact that plaintiffs have no evidence to prove that the trailer was involved in an accident or a collision or any other type of external cause which would have disabled the refrigeration unit.
THE COURT:
And I think all of that’s true.

. At the motion hearing, the trial court did not specifically address the other issue OOI-DA raises regarding the applicability of the exclusions and the exceptions thereto. On appeal, OOIDA contends that even assuming, arguendo, Roadrunner established that the policy covered the loss, the exclusions to the policy would apply here. OOIDA contends that "there is not a scintilla of evidence indicating let alone proving that the food spoilage alleged by Roadrunner was caused by [one of the exceptions to the Exclusion Number 5—] fire, lightning, explosion, accidental collision of the covered truck, overturning of the covered truck, etc.” OOIDA further contends that "opposing counsel has never seriously argued or even suggested that such an external cause of loss happened.” OOIDA thus contends that there is no basis in the evidence to conclude that an exception is applicable. In the Veule-man case, however, the Louisiana Supreme Court held that an insurer is required to provide some factual basis not only that an exclusion to the policy applies, but also that an exception to the exclusion was not present. Veuleinan, supra. OOIDA’s reliance on Roadrunner’s (opposing counsel's) failure to establish an exception to the exclusion was met thus is misplaced. Regardless, we find merit to Roadrunner's prematurity—lack of adequate discovery—argument and thus find it unnecessary to decide this issue.

.The 2015 Comments cite Broussard v. Winters, 13-300 (La.App. 3 Cir. 10/9/13), 123 So.3d 902, which held that summary judgment was prematurely decided. In so holding, the court in Winters reasoned that "the trial court's failure to rule on Mr. Broussard’s motion to compel discovery, supports Mr. Brous-sard’s assertion that Farmers' motion for summary judgment was prematurely decided by the trial court because the discovery was incomplete and inadequate.” 13-300 at p. 5, 123 So.3d at 905-06.