| | | |
|---|---|---|
| **BYRON G. FRANCOIS** | * | NO. 2020-CA-0440 |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **PORTS AMERICA** | * | |
| **LOUISIANA, L.L.C.; CERES** | | **FOURTH CIRCUIT** |
| **GULF, INC.; NEW ORLEANS** | * | |
| **TERMINAL LLC; AND** | | **STATE OF LOUISIANA** |
| **UNKNOWN HIT-AND-RUN** | * * * * * * * | |
| **DRIVER** | | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-11874, DIVISION "F"
Honorable Christopher J. Bruno, Judge
* * * * * *
**Judge Joy Cossich Lobrano**
* * * * * *
(Court composed of Judge Roland L. Belsome, Judge Joy Cossich Lobrano, Judge
Paula A. Brown)

Keith A. Doley
ATTORNEY AT LAW
1554 North Broad Street
New Orleans, LA 70119

    COUNSEL FOR PLAINTIFF/APPELLANT

José R. Cot
Robert K. Denny
HURLEY & COT
365 Canal Street, Suite 2750
New Orleans, LA 70130

    COUNSEL FOR DEFENDANT/APPELLEE

**VACATED AND REMANDED**

**MARCH 10, 2021**

This is a tort case. Plaintiff/appellant, Byron G. Francois ("Francois"), appeals the March 20, 2020 judgment of the district court, which granted summary judgment in favor of defendants/appellees, Ceres Gulf, Inc. ("Ceres") and New Orleans Terminal, L.L.C. ("NOT"), and dismissed all claims against Ceres and NOT. For the reasons that follow, we vacate the judgment and remand for further proceedings.

This litigation arises from an alleged hit-and-run accident on December 4, 2017 at the Napoleon Avenue Container Terminal located in the Port of New Orleans. On November 28, 2018, Francois filed a petition for damages alleging that he sustained personal injuries when an unknown driver operating a "yard mule" vehicle rear-ended the tractor-trailer that Francois was operating. In his petition, Francois alleged that the yard mule was owned and operated by Ceres, NOT,[1] and/or Ports America Louisiana, L.L.C. ("Ports America"), all of which are companies providing stevedoring services in the Port of New Orleans.

_____

[1] NOT is a joint venture between Ceres and a nonparty, Container Marine Terminals, L.L.C.

1

In response, on February 8, 2019, Ceres and NOT filed a dilatory exception of vagueness, contending that Francois failed to allege specific facts supporting that they owned the yard mule in question. The record does not reflect any hearing or ruling on this exception has gone forward, and Ceres and NOT did not file an answer or affirmative defenses to Francois' petition. On March 20, 2019, Ports America filed a cross claim against NOT and Ceres alleging damage to its chassis trailer as a result of the accident.

On August 23, 2019, NOT and Ceres Gulf filed a motion for summary judgment, arguing Francois had no evidence of their involvement in or liability for the accident. In support of their motion, NOT and Ceres introduced, in relevant part, the affidavit of NOT manager Kristopher Calkins ("Calkins"), attesting that Ceres does not own any yard mules and that NOT reviewed its equipment and found no evidence of a damaged yard mule or NOT driver with knowledge of Francois' accident. Calkins also attested that the area where the accident allegedly occurred is operated by Ports America. The hearing was initially set on October 4, 2019, but was continued on Francois' unopposed motion. The hearing was again continued to January 10, 2020 on Ceres and NOT's unopposed motion.

On December 20, 2019, Ports America filed an opposition to summary judgment, arguing that discovery is incomplete and that factual disputes exist as to whether NOT employees performed work in the vicinity of the accident scene. Ports America introduced affidavits by its employees Jason Reitmeyer and Anita Dargan, attesting that NOT exclusively conducts railcar operations in the area

where the accident occurred, along with a "dashcam" video purportedly showing a NOT top loader vehicle near the scene of the accident.

Francois likewise filed an opposition on December 23, 2019, arguing that discovery is ongoing and that NOT and Ceres have been uncooperative in obtaining said discovery and identifying the yard mule driver. Francois also introduced Anita Dargan's affidavit in support of his opposition but did not introduce any additional evidence. On January 3, 2020, Ceres and NOT filed a reply memorandum arguing that Francois failed to adequately investigate the accident or conduct necessary discovery.

The summary judgment hearing went forward on January 10, 2020, at which time Francois made an oral motion requesting 90 days in which to conduct discovery. The district court denied the requested continuance from the bench, and on March 30, 2020, the district court rendered summary judgment dismissing the claims against NOT and Ceres. This appeal followed, in which Francois raised two assignments of error:

> I. The trial judge erred, as a matter of law, in granting summary judgment dismissing with prejudice appellant's claims where Ceres Gulf, Inc. and New Orleans Terminal, LLC utterly failed to meet the burden of proof imposed upon them by Code of Civil Procedure Article 966, and genuine issues of material fact remain in dispute.

> II. It was an abuse of the trial court's discretion to refuse to allow additional time for appellant to complete discovery prior to granting summary judgment and dismissing appellant's suit.

"Appellate courts review a judgment granting or denying a motion for summary judgment *de novo*." *Serpas v. Univ. Healthcare Sys.*, 16-0948, p. 2 (La.

App. 4 Cir. 3/8/17), 213 So.3d 427, 428 (quoting *Louisiana High Sch. Athletics Ass'n, Inc. v. State*, 12-1471, p. 18 (La. 1/29/13), 107 So.3d 583, 598).[2] Ordinarily, a motion for summary judgment may be granted only "[a]fter an opportunity for adequate discovery..." La. C.C.P. 966(A)(3).

When discovery is alleged to be incomplete, it is within the district court's discretion either to hear the summary judgment motion or to grant a continuance to allow for further discovery. *Roadrunner Transportation Sys. v. Brown*, 17-0040, p. 11 (La. App. 4 Cir. 5/10/17), 219 So.3d 1265, 1272 (citations omitted). The standard of review for a district court's choice to hear a motion for summary judgment or to grant a continuance, in this procedural context, is an abuse of discretion standard. *Id.*, 17-0040, p. 11, 219 So.3d at 1272-73 (citing *Rivarde v. City of New Orleans*, 15-0655, p. 5 (La. App. 4 Cir. 3/9/16), 190 So.3d 400, 403).

---

[2] An appellate court, using the same standard used by the district court, must determine:

> whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law....
>
> ...[A] "genuine issue" is a "triable issue." ... An issue is genuine if reasonable persons could disagree. If ... reasonable persons could reach only one conclusion, there is no need for a trial on that issue. ... A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery.

*Supreme Services and Specialty Co., Inc. v. Sonny Greer, Inc.*, 06-1827, pp. 4-5 (La. 5/22/07), 958 So.2d 634, 638 (internal citations omitted).

La. C.C.P. art. 966(D)(1) sets forth a shifting burden of proof as follows:

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

"Although the language of [Louisiana Code of Civil Procedure] article 966 does not grant a party the absolute right to delay a decision on a motion for summary judgment until all discovery is complete, the law does require that the parties be given a fair opportunity to present their case." *Serpas*, 16-0948, p. 2, 213 So.3d at 429 (quoting *Leake & Andersson, LLP v. SIA Ins. Co. (Risk Retention Grp.)*, 03-1600, pp. 3-4 (La. App. 4 Cir. 3/3/04), 868 So.2d 967, 969). "Unless plaintiff shows a probable injustice a suit should not be delayed pending discovery when it appears at an early stage that there is no genuine issue of fact." *Rivarde*, 15-0655, p. 7, 190 So.3d at 405 (citations omitted).

With respect to an inadequate discovery claim, this court has identified the following four relevant factors to be considered:

> (i) whether the party was ready to go to trial,
>
> (ii) whether the party indicated what additional discovery was needed,
>
> (iii) whether the party took any steps to conduct additional discovery during the period between the filing of the motion and the hearing on it, and
>
> (iv) whether the discovery issue was raised in the trial court before the entry of the summary judgment.

*Roadrunner*, 17-0040, pp. 11-12, 219 So.3d at 1273 (citing *Bass P'ship v. Fortmayer*, 04-1438, p. 10 (La. App. 4 Cir. 3/9/05), 899 So.2d 68, 75; *Greenhouse v. C.F. Kenner Associates Ltd. P'ship*, 98-0496, p. 3 (La. App. 4 Cir. 11/10/98), 723 So.2d 1004, 1006).

Applying those factors to the record on appeal, we are unable to conclude that there has been an opportunity for adequate discovery.

First, no party indicates readiness for trial. There was no trial date set or any scheduling order or deadlines in which the parties were required to complete discovery. In the Civil District Court of the Parish of Orleans, Local Rule 9.14 specifies the district court's procedure – that cases may be set for trial upon a written motion by a party certifying, among other things, that all depositions and discovery have been completed, and that the matter is ready to be set for trial. Ceres and NOT did not file an answer to Francois' petition, and the record reflects no resolution of those defendants' exception of vagueness. Regarding the second and third factors, it is evident from the record that discovery was in its infancy when the motion for summary judgment was filed. No depositions had been taken, and the record does not bear out what discovery was done in the period between the motion for summary judgment's filing and the district court's ruling. Francois does not explain what specific discovery he will do if afforded more time, though he argues he seeks Ceres' and NOT's cooperation in identifying the at-fault yard mule and driver, presumably through written and deposition discovery. Turning to the fourth factor, both Francois and Ports America opposed summary judgment on the basis of inadequate discovery, and Francois requested two continuances of the summary judgment hearing, the second of which specifically cited the need for more time to conduct discovery. Taken together, these factors support Francois' position that the district court abused its discretion in failing to allow adequate discovery before ruling on Ceres and NOT's motion for summary judgment.

This Court has found summary judgment premature where the party opposing summary judgment was not afforded a reasonable opportunity to take relevant depositions prior to being required to defend against the motion for summary judgment. *Serpas*, 16-0948, p. 2, 213 So.3d at 429 (citing *Doe v. ABC Corp.*, 00-1905, p. 11 (La. App. 4 Cir. 6/27/01), 790 So.2d 136, 143); *see also Milton-Gustain v. Salvage Store, Inc.*, 19-01854, pp. 1-2 (La. 2/10/20), 289 So.3d 48, 48. We recognize that, unless plaintiff shows "probable injustice," courts will refuse to delay determination of summary judgment under the guise of pending discovery, when it appears at an early stage of the litigation that no genuine issues of fact exist. *See Rivarde*, 15-0655 at p. 7, 190 So.3d at 405 (quotations omitted). The record here does not support such a result. A scant nine months elapsed between the filing of this lawsuit and the filing of Ceres and NOT's summary judgment motion. While Ceres and NOT point to some lack of diligence in Francois' discovery efforts, we find no indication at this stage that any party completed its discovery or had adequate opportunity to do so, and it remains too early in the litigation to determine whether material factual disputes remain.

On the particular facts of this case, summary judgment was prematurely granted.[3] We, therefore, vacate the judgment of the district court and remand this matter for further proceedings.

**VACATED AND REMANDED**

---

[3] Because we find the prematurity issue dispositive, we pretermit consideration of Francois' remaining assignment of error.