| SUCCESSION OF WILLIE HICKMAN, JR. | * | NO. 2022-CA-0730 |
| | * | |
| | | COURT OF APPEAL |
| | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *


APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-10047, DIVISION "A"
Honorable Ellen M Hazeur, Judge
* * * * * *
**Judge Paula A. Brown**
* * * * * *

(Court composed of Judge Joy Cossich Lobrano, Judge Rosemary Ledet, Judge
Paula A. Brown)

Bryan C. Reuter
Patrick M. Bollman
STANLEY REUTER ROSS THORNTON & ALFORD, LLC
909 Poydras Street, Suite 2500
New Orleans, LA 70112

    COUNSEL FOR PETITIONER/APPELLANT

Elsbet C. Smith
William Macaluso
CHEHARDY, SHERMAN, WILLIAMS, MURRAY, RECILE, STAKELUM &
HAYES, P.L.C.
111 N. Oak Street
Suite 200
Hammond, LA 70401


    COUNSEL FOR INDEPENDENT EXECUTRIX/APPELLEE

**REVERSED AND REMANDED**
**MARCH 15, 2023**

**PAB**

**JCL**

**RML**

This is a succession proceeding. Appellant, Debbie Hickman ("Debbie"), appeals the district court's January 24, 2022 judgment, which granted Appellee's, Sandra Hickman's ("Mrs. Hickman"), motion for summary judgment. Mrs. Hickman alleged in the motion for summary judgment that Debbie could not meet her burden of proof that her father, Willie Hickman Jr. ("Decedent"), lacked testamentary capacity at the time he executed his last will and testament (the "testament"). For the reasons that follow, we reverse the judgment of the district court and remand for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

On May 23, 2017, Decedent, a resident of Orleans Parish, died testate. Decedent executed the testament on November 7, 2013, and appointed his wife, Mrs. Hickman, as the independent executrix of his estate. On October 5, 2018, Mrs. Hickman filed, in the district court, a petition seeking to probate Decedent's testament (the "petition to probate") and letters of independent administration of Decedent's estate. In the petition to probate, Mrs. Hickman alleged Decedent was married to her at the time of his death. From his first marriage to Ruth W. Hickman, Decedent had two children, Debbie and Katrina Hickman-Lynch.

1

Katrina Hickman-Lynch predeceased Decedent and had six descendants of her own.[1]  Mrs. Hickman attached to her petition to probate an affidavit of death, domicile and heirship; Decedent's testament; and a sworn oath as independent executor.  On the same day, the district court named, appointed and confirmed Mrs. Hickman as the independent executrix of Decedent's estate.

On February 27, 2019, Debbie filed a motion to annul testament and remove independent executrix ("motion to annul") for the Decedent's lack of testamentary capacity. Debbie alleged that Decedent suffered from Alzheimer's disease for years before his death and was not competent at the time he executed the testament.  As such, Debbie contended that the testament was invalid. Debbie attached to the motion to annul an affidavit she executed that indicated Decedent was suffering from dementia and Alzheimer's disease.[2]  Thereafter, Mrs. Hickman

---

[1] Katrina's children are: Lavar Hickman-Lynch, Monet Hickman-Lynch, Simone Hickman-Lynch, Mia Hickman-Lynch, Marrie Hickman-Lynch, and Micholet Hickman-Lynch.  Micholet Hickman-Lynch's name is spelled as written in Mrs. Hickman's pleadings and is spelled as Micolette in Debbie's pleadings.

[2] Specifically, Debbie attested:

> That her father lacked capacity in 2013 because by 2012, Mr. Hickman was confusing his children and having trouble recognizing them. In 2012, Mr. Hickman was unable to recognize his first wife, Ruth Hickman, to whom he was married for 20 years[;]

> Around the same time, Mr. Hickman was regularly confused and agitated. He began to disrupt his regular church services at the church where he was an elder and where had attended services for more than 60 years. Due to his behavior related to his dementia and Alzheimer's, the church asked Mr. Hickman to sit in the back of the church, and the church assigned someone to sit with him during the services;

> On or around the same time that the purported will was executed, her father still believed he was serving in the Air Force, even though he had been honorably discharged more than 50 years before;

> Her father stopped working for Entergy prior to 2005. On or around the same time that the purported will was executed, her father still believed that he was working for Entergy even though he had retired more than 7 years previously;

filed an opposition to the motion to annul, a peremptory exception of nonjoinder for Debbie's failure to join Katrina Hickman-Lynch's surviving children, and a dilatory exception of vagueness. The motion to annul was originally scheduled for hearing on April 12, 2019, but was continued several times. On May 13, 2020, Debbie's attorney filed a motion to withdraw as counsel of record, which the district court granted on May 26, 2020.

On December 1, 2020, Mrs. Hickman filed a motion to withdraw her dilatory exception of vagueness and to reset her peremptory exception of non-joinder for hearing at the next available date. The matter was scheduled for hearing on February 19, 2021, but was continued by an *Ex Propio Motu* Order of the district court to May 14, 2021 via Zoom. Debbie filed a *pro se* motion for a continuance on May 12, 2021, wherein she alleged that because she was caring for her ill mother in Florida, she had not received any of the service notices that were sent to her residence in New York, and she needed additional time to retain an attorney. On May 14, 2021, the district court heard argument on Mrs. Hickman's peremptory exception of non-joinder and Debbie's motion to continue. Debbie was self-represented. Following, the district court rendered judgment denying Debbie's motion for continuance, maintaining Mrs. Hickman's peremptory exception of non-joinder and ordering Debbie to amend her motion to annul to join the necessary parties within 45 days of the judgment. Debbie, through new counsel of record, filed her amended motion to annul on July 7, 2021, naming Katrina Hickman-Lynch's descendants to the action.

This was unusual behavior for her father who was an accountant during his professional life and was a very detailed and responsible person. Affiant believes that this erratic and confused behavior demonstrates that her father was incompetent before 2013[.]

On October 11, 2021, Mrs. Hickman filed a motion for summary judgment, seeking a determination that Debbie could not establish that Decedent lacked the requisite mental capacity at the time he executed the testament. Mrs. Hickman asserted that the testament was prepared and notarized on November 7, 2013, by Steven Hayes, a partner at Chehardy Sherman Williams and witnessed by C. Kay Boutte and Marilyn Aleman, who were also employed by the law firm Chehardy Sherman Williams. In support of her motion for summary judgment, Mrs. Hickman introduced as evidence the testament, her affidavit and the affidavits of Steven Hayes, C. Kay Boutte, and Marilyn Aleman.

Debbie filed an opposition to the motion for summary judgment on December 22, 2021, contending that additional discovery was necessary because the only medical records available to her at the time began on January 10, 2014, after the Decedent had executed the testament. In support, Debbie attached several exhibits, including copies of the Decedent's 2014 and 2016 medical records—that indicated Decedent had been memory loss and later dementia—along with a copy of the subpoena duces tecum filed into the court record on December 22, 2021, directed to Ochsner Health Partners Hospital ("Ochsner") with a return date of January 5, 2022. Debbie argued that the medical records provided and attached to her opposition revealed the Decedent received previous medical care by doctors at Ochsner since 2012, hence the need for the additional medical records.

The motion for summary judgment came for hearing on January 7, 2022, and on January 24, 2022, the district court rendered judgment granting the motion and dismissing Debbie's motion to annul with prejudice. The district court, acknowledging the outstanding subpoena for additional medical records, found that Debbie had adequate opportunity to conduct discovery, but waited until less than

4

three weeks before the hearing to issue the subpoena to Ochsner. The district court further found that based on the evidence admitted into the record, Debbie failed to produce any factual support sufficient to establish by clear and convincing evidence that the Decedent lacked testamentary capacity.

Debbie filed a motion for new trial on February 2, 2022, arguing that she was legally entitled to conduct additional discovery regarding the Decedent's testamentary capacity and that she would soon obtain newly discovered medical evidence from the Ochsner medical records, warranting a new trial on the issue of Decedent's testamentary capacity. The matter came for hearing on July 22, 2022, and on August 1, 2022, the district court rendered judgment denying Debbie's motion. This timely suspensive appeal followed.

## DISCUSSION

On appeal, Debbie argues that the district court erred in granting Mrs. Hickman's motion for summary judgment and in denying her motion for new trial. Debbie raises three assignments of error:

(1) The district court erred by granting the motion for summary judgment rather than allowing Debbie to conduct additional discovery;

(2) The district court erred in denying Debbie's motion for new trial by failing to consider what would have been newly-discovered Ochsner medical records; and

(3) The district court erred in denying Debbie's motion for new trial by failing to consider Dr. Behar's affidavits instead of exercising its discretion under Article 1973.

"Before considering the merits of any appeal, an appellate court has 'the duty to determine *sua sponte* whether [proper] jurisdiction exists, even when the parties do not raise the issue.'" *Lirette v. Adams*, 22-0552, 22-0553, p. 17 (La. App. 4 Cir. 1/31/23), ___So.3d___, ____, 2023 WL 1252737, at *9 (citing *Jones*

5

[*v. Whips Electric, LLC*], 22-0095, p. 2 (La. App. 4 Cir. 9/16/22), 348 So.3d 849, 851). Louisiana Code of Civil Procedure Article 2083 provides that "a final judgment is appealable in all causes in which appeals are given by law, whether rendered after hearing, by default, or by reformation under Article 1814" and that "[a]n interlocutory judgment is appealable only when expressly provided by law." "A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment." La. C.C.P. art. 1841. Thus, "the denial of a motion for new trial is not a final, appealable judgment." *New Orleans Fire Fighters Pension & Relief Fund v. City of New Orleans*, 17-0320, p. 5 (La. App. 4 Cir. 3/21/18), 242 So. 3d 682, 688, n. 12 (citing *9029 Jefferson Highway, L.L.C. v. S & D Roofing, L.L.C.*, 15-686, p. 4 (La. App. 5 Cir. 2/24/16), 187 So.3d 522, 524). "However, an appellate court may consider interlocutory judgments, such as the denial of a motion for new trial, as part of an unrestricted appeal from a final judgment." *Id.* (citing *Henry v. Sullivan*, 16-0564, p. 7 (La. App. 1 Cir. 7/12/17), 223 So.3d 1263, 1272). In other words, the reviewing court "consider[s] an appeal of the denial of a motion for new trial as an appeal of the judgment on the merits of the case as well when . . . it is clear from the appellant's brief that [they] intended to appeal the merits of the case." *Clotworthy v. Scaglione*, 11-1733, p. 3 (La. App. 4 Cir. 5/23/12), 95 So.3d 518, 520 (citing *Smith v. Hartford Acc. & Indem. Co.,* 254 La. 341, [348-49], 223 So.2d 826, 828-29 (La. 1969)).

In the case *sub judice*, review of the record and appellate briefs clearly demonstrate that Debbie intended to appeal the merits of the underlying motion for summary judgment. Thus, we conclude that this Court has jurisdiction to address the merits of the appeal.

Turning to the merits of this appeal, Debbie argues that the district court erred as a matter of law in granting Mrs. Hickman's motion for summary judgment and denying Debbie the opportunity to complete her pending discovery. Conversely, Mrs. Hickman contends that Debbie had adequate time to conduct discovery in the years since the litigation was instituted. Mrs. Hickman submits that Debbie made no request for a continuance and despite her request to conduct additional discovery in her opposition, the district court has broad discretion to grant motions for summary judgment prior to completion of discovery.

"'Appellate courts review a judgment granting or denying a motion for summary judgment *de novo*.'" *Francois v. Ports Am. Louisiana, L.L.C.*, 20-0440, pp. 3-4 (La. App. 4 Cir. 3/10/21), 314 So.3d 894, 897 (quoting *Serpas v. Univ. Healthcare Sys.*, 16-0948, p. 2 (La. App. 4 Cir. 3/8/17), 213 So.3d 427, 428). "Ordinarily, a motion for summary judgment may be granted only '[a]fter an opportunity for adequate discovery . . .'" *Id*. (quoting La. C.C.P. 966(A)(3)).

"When discovery is alleged to be incomplete, a trial court has the discretion either to hear the summary judgment motion or to grant a continuance to allow further discovery." *Roadrunner Transportation Sys. v. Brown*, 17-0040, p. 11 (La. App. 4 Cir. 5/10/17), 219 So.3d 1265, 1272 (citing *Simoneaux v. E.I. du Pont de Nemours and Co.*, 483 So.2d 908, 912 (La. 1986); *Eason v. Finch*, 32,157, p. 7 (La. App. 2 Cir. 8/18/99), 738 So.2d 1205, 1210). "In this procedural context, a trial court's choice to hear a motion for summary judgment or to grant a continuance is reviewed under an abuse of discretion standard." *Id.* at p. 11, 219 So.3d at 1272-73 (citing *Rivarde v. City of New Orleans*, 15-0655, p. 5 (La. App. 4 Cir. 3/9/16), 190 So.3d 400, 403).

"Although the language of [Louisiana Code of Civil Procedure] article 966 does not grant a party the absolute right to delay a decision on a motion for summary judgment until all discovery is complete, the law does require that the parties be given a fair opportunity to present their case." *Francois*, 20-0440, p. 5, 314 So.3d at 897 (quoting *Serpas*, 16-0948, p. 2, 213 So.3d at 429). "'Unless plaintiff shows a probable injustice a suit should not be delayed pending discovery when it appears at an early stage that there is no genuine issue of fact.'" *Id.* (quoting *Rivarde*, 15-0655, p. 7, 190 So.3d at 405).

This court has listed the following four factors to consider for a claim of inadequate discovery:

> (i) Whether the party was ready to go to trial,
> (ii) whether the party indicated what additional discovery was needed,
> (iii) whether the party took any steps to conduct additional discovery during the period between the filing of the motion and the hearing on it, and
> (iv) whether the discovery issue was raised in the trial court before the entry of the summary judgment.

*Roadrunner*, 17-0040, pp. 11-12, 219 So.3d at 1273 (citing *Bass P'ship v. Fortmayer*, 04-1438, p. 10 (La. App. 4 Cir. 3/9/05), 899 So.2d 68, 75; *Greenhouse v. C.F. Kenner Associates Ltd. P'ship*, 98-0496, p. 3 (La. App. 4 Cir. 11/10/98), 723 So.2d 1004, 1006). In addition, this Court has recognized that "whether discovery has been hindered by a circumstance beyond an opponent's control" is another factor that may be considered when addressing an adequate discovery claim. *Roadrunner*, 17-0040, p. 13, 219 So.3d at 1274 (citing *Bourgeois v. Curry*, 05-0211, p. 10 (La. App. 4 Cir. 12/14/05), 921 So.2d 1001, 1008). Applying these factors to the case *sub judice*, we find that there has not been an adequate time for discovery.

First, it is unlikely either party was ready for trial because the case had not been set for trial when Mrs. Hickman motioned for summary judgment nor had any discovery deadlines been set. Second, Debbie indicated in her opposition that she needed to conduct additional discovery to determine whether the Decedent had capacity during the execution of the testament. Specifically, Debbie relayed that she was awaiting the return of medical records from Ochsner—the healthcare facility where Decedent received medical treatment before 2013. Third, the record reflects that Debbie took several steps to conduct discovery, including propounding written discovery on Mrs. Hickman on December 20, 2021, and serving a subpoena duces tecum on Ochsner on December 22, 2021, for the Decedent's medical records—both of which occurred between the filing of the motion for summary judgment and the hearing on the motion. Fourth, Debbie raised the issue of lack of adequate discovery before the district court both in her memorandum in opposition to the motion for summary judgment and by motioning for a new trial based on the lack of adequate discovery.

Moreover, although more than a year elapsed between the filing of this lawsuit and the filing of Mrs. Hickman's motion for summary judgment, the record reflects that many obstacles arose which prevented Debbie from completing discovery. Specifically, in March 2020, Governor John Bel Edwards declared a state of public health emergency due to the potential for the rapid spread of COVID-19 throughout the State. Shortly afterwards, in May 2020, the relationship between Debbie and her prior attorney ended. During litigation, Debbie moved to Florida to care for her ailing mother. In May 2021, Debbie, despite being domiciled in the state of New York and residing in Florida, appeared *pro se* on an exception filed by Mrs. Hickman. It was not until July of 2021 that Debbie

9

retained her current counsel of record, who later propounded written discovery on Mrs. Hickman and served a subpoena duces tecum on Ochsner.

This Court has previously held that summary judgment is premature when "the information sought by appellant pertains directly to the unresolved factual issue." *Leake & Andersson, LLP v. SIA Ins. Co. (Risk Retention Group), Ltd.*, 03-1600, p. 4 (La. App. 4 Cir. 3/3/04), 868 So.2d 967, 969.[3]  Decedent's medical records prior to 2013 are the key component to whether he had testamentary capacity at the time the testament was executed on November 7, 2013.  The district court explicitly stated in its oral reasons for judgment that "Ms. [Debbie] Hickman presented evidence that Mr. Hickman suffered from dementia. However, the medical records that establish this are all dated after November of 2013." Weighing the *Roadrunner* factors, we find that the facts and circumstances of this case supports a finding that the district court failed to allow adequate time for discovery—at the very least, the return of the subpoena ducus tecum from Ochsner—before ruling on Mrs. Hickman's motion for summary judgment.

This assignment of error has merit.

## CONCLUSION

For the foregoing reasons, we reverse the district court's January 24, 2022 judgment and remand the matter back to the district court for further proceedings consistent with this opinion.

**REVERSED AND REMANDED**

---

[3] *See also Bass Partnership*, wherein this Court held that the district court granted summary judgment prematurely despite a case pending for over three years. *Bass Partnership v. Fortmayer*, 04-1438 (La. App. 4 Cir. 3/9/05), 899 So.2d 68.

10