ADRENA S. FREEMAN

VERSUS

OCHSNER CLINIC FOUNDATION, DR.
GEORGE M. FUHRMAN, TOURO
INFIRMARY AND DR. CATHY
SWAIN-JONES, M.D.

NO. 21-CA-401

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 799-284, DIVISION "N"
HONORABLE STEPHEN D. ENRIGHT, JR., JUDGE PRESIDING

February 23, 2022

**SUSAN M. CHEHARDY**
**CHIEF JUDGE**

Panel composed of Judges Susan M. Chehardy,
Robert A. Chaisson, and Hans J. Liljeberg

**<u>AFFIRMED</u>**
    **SMC**
    **RAC**
    **HJL**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
ADRENA S. FREEMAN
    Richard H. Barker, IV

COUNSEL FOR DEFENDANT/APPELLEE,
OCHSNER CLINIC FOUNDATION AND GEORGE FUHRMAN, M.D.
    Don S. McKinney
    William K. Wright, IV

**CHEHARDY, C.J.**

In this medical malpractice case, the trial court refused to accept plaintiff Adrena S. Freeman's late-filed opposition to defendants' motion for summary judgment, denied plaintiff's oral motion to continue the summary judgment hearing, and granted the motion for summary judgment filed by defendants Ochsner Clinic Foundation and Dr. George M. Fuhrman, thereby dismissing plaintiff's claims with prejudice. For the reasons that follow, we affirm.

FACTS AND PROCEDURAL HISTORY

Plaintiff filed medical review panel proceedings after plaintiff underwent surgery at Ochnser performed by Dr. Fuhrman in July 2013 to remove a tumor in her chest. Plaintiff alleges that during the surgery, Dr. Fuhrman made unnecessary incisions in the areas of her neck and throat that she alleges were done without her consent, and as a result of the surgery she suffers from permanent loss of the range of motion of her neck, loss of spinal curve, permanent disfigurement of her neck and chest, and chronic pain. The medical review panel issued a unanimous ruling on March 20, 2019, finding that Dr. Fuhrman and Ochsner did not breach the applicable standard of care.[1] Plaintiff filed the instant case against Ochsner and Dr. Fuhrman on September 10, 2019.[2]

Ochsner and Dr. Fuhrman moved for summary judgment in July 2020; the motion was set to be heard on September 8, 2020. At the hearing, plaintiff's counsel indicated that an expert had been hired and argued that defendants' motion

---

[1] The Medical Review Panel's Opinion states: "The evidence presented does not support the conclusion that defendants, Ochsner Clinic Foundation and George M. Fuhrman, M.D., breached standards of care in their care and treatment of Adrena Freeman. Reasons: Based on the patient's symptoms, history and pre-operative testing, Dr. Fuhrman offered the patient a thyroidectomy and median sternotomy, which were indicated. The pre-operative workup was thorough and appropriate. Dr. Fuhrman appropriately involved cardiothoracic surgeons. The surgery was indicated and the evidence shows it was performed pursuant to acceptable standards of care."

[2] Plaintiff's lawsuit also named other medical providers in conjunction with plaintiff's separate visit to Touro Infirmary. Plaintiff's claims against those providers were dismissed and are not pertinent to the present appeal.

21-CA-401                                           1

for summary judgment was therefore moot. The trial court and parties agreed to continue the summary judgment hearing to September 23, 2020, and subsequently agreed to continue the hearing without date.

Defendants set the deposition of plaintiff's expert. During his deposition, the expert failed to offer any testimony in support of plaintiff's claim that defendants breached the applicable standard of care when treating plaintiff. Accordingly, defendants filed a second motion for summary judgment, which the trial court set for hearing on January 26, 2021. The day before the scheduled hearing, plaintiff again sought a continuance from defense counsel, who declined plaintiff's request. At the hearing, however, the trial court continued the summary judgment hearing to February 23, 2021, because plaintiff had not been served with notice of the January 26, 2021 hearing 30 days or more before that date, in violation of La. C.C.P. art. 966 C(1)(b).

Notwithstanding the hearing's continuance, plaintiff again failed to file a timely opposition to defendants' motion for summary judgment. Nevertheless, based on plaintiff's counsel's plea at the February 23, 2021 hearing that he could not file the opposition timely because he had had Covid, the trial court again continued the hearing to March 24, 2021, noting on the record that plaintiff's opposition would be due on or before March 9, 2021.

Plaintiff filed an opposition on March 17, 2021, only six days before the hearing date, to which defendants objected. At the March 24, 2021 hearing, plaintiff's counsel again moved for a continuance, which the trial court denied. The court determined there was no reason why plaintiff could not file a timely opposition. The trial court then granted defendants' motion for summary judgment, "based on the filings of the defense and the fact that the motion is unopposed."

Plaintiff-appellant filed a motion and order for appeal; the record lodged in this Court on June 25, 2021. Notice of Lodging was sent to all counsel. No timely

request for oral argument was made by either party.[3] Defendants-appellees subsequently asked this Court to dismiss the appeal as abandoned, because plaintiff-appellant did not file her brief timely. This Court denied appellees' motion to dismiss the appeal, the merits of which we now consider.

## LAW AND ANALYSIS

Plaintiff argues the trial court erred in granting defendants' motion for summary judgment "as unopposed" after failing to consider her opposition, and erred in failing to continue the hearing.

Louisiana's Code of Civil Procedure Article 966 B(2) provides:

> B. Unless extended by the court and agreed to by all of the parties, a motion for summary judgment shall be filed, opposed, or replied to in accordance with the following provisions:
>
> ***
>
> (2) Any opposition to the motion and all documents in support of the opposition shall be filed and served in accordance with Article 1313 not less than fifteen days prior to the hearing on the motion.

The Louisiana Supreme Court recently resolved the split among the circuits on the issue of whether a trial court retains discretion to accept a late-filed opposition to a motion for summary judgment, finding no such discretion exists:

> The clear and unambiguous language of Article 966(B)(2) says that, absent the consent of the parties and the court, an opposition *shall* be filed within the fifteen-day deadline established by the article. The word 'shall' is mandatory. La. R.S. 1:3. Under well-established rules of interpretation, the word "shall" excludes the possibility of being "optional" or even subject to "discretion," but instead means "imperative, of similar effect and import with the word 'must.' " *Louisiana Fed'n of Tchrs. v. State*, 2013-0120 (La. 5/7/13), 118 So. 3d 1033, 1051. This interpretation also does not lead to absurd consequences.

---

[3] Appellant's brief, filed September 20, 2021, requested oral argument too late and without following the proper format. Pursuant to Uniform Rules – Courts of Appeal Rule 2 – 11.4: "Appeals in all cases shall be submitted for decision without oral argument unless a written request for permission to orally argue is filed in the clerk's office by a party within thirty (30) days after the filing of the record in the court and permission is granted. Pursuant to this rule, the request for oral argument must be in the form of a motion or a letter. A request made within a party's brief will NOT suffice."

> Summary judgments are intended "to secure the just, speedy, and inexpensive determination of every action." La. Code Civ. P. art. 966(A)(2). Limiting judicial discretion by setting a firm deadline for filing an opposition furthers this end. That is a rational legislative choice and must be applied as written.

*Auricchio v. Harriston*, 20-1167 (La. 12/10/21), --- So.3d ---, 2021 WL 5865496, at *2 (emphasis in original). The Supreme Court also noted that the 2015 Legislature's change to the language of Article 966 B eliminated previous language that had granted a trial court discretion, upon a showing of "good cause," to afford a litigant additional time to file an opposition. *Id*. at *3. "By removing the discretionary language and replacing it with mandatory language, we must assume the legislature intended to change the law to eliminate the previously afforded discretion." *Id*.

Pursuant to *Auricchio* and the language of La. C.C.P. art. 966 B(2), the trial court correctly refused to consider plaintiff's late-filed opposition. *Cf. Pillow v. Roymar Ltd. P'ship*, 15-730 (La. App. 5 Cir. 6/30/16), 197 So.3d 348, 354, *writ denied*, 16-1465 (La. 11/15/16), 209 So.3d 780 (finding the trial court did not abuse its discretion in choosing to follow the mandatory language of La. C.C.P. art. 966(B)(2)). Plaintiff's contention that the trial court erred in refusing to consider her untimely opposition lacks merit.

Plaintiff further argues that the trial court erred in denying her motion to continue the March 24, 2021 hearing. A trial court's decision to hear a motion for summary judgment or to grant a continuance is reviewed for an abuse of discretion. *Roadrunner Transp. Systems v. Brown*, 17-0040 (La. App. 4 Cir. 5/10/17), 219 So.3d 1265, 1272. We cannot say the trial court abused its discretion in refusing to continue the hearing on defendants' motion for summary judgment. The trial court agreed to continue the summary judgment hearing three times previously – twice setting a new hearing date and once continuing the matter

without date. Plaintiff therefore had several previous opportunities to submit an opposition in a timely manner, which plaintiff failed to do. At the March 24, 2021 hearing, the trial court recognized that the affidavit of plaintiff's expert, Dr. Moreman, had been signed on February 23, 2021, the same day that the previous hearing on defendants' second motion for summary judgment had been scheduled but was continued. Plaintiff had ample time to file her opposition before the March 9, 2021 deadline. Plaintiff's contention that the trial court erred in refusing to continue the hearing yet another time lacks merit.

Our inquiry does not end here, however, because even though defendants' motion for summary judgment is unopposed, defendants are still required to meet their prima facie burden of proving that the non-mover, as the party who bears the burden of proof at trial, will be unable to meet that burden. La. C.C.P. art. 966 D(1).[4] Yet, plaintiff does not contend on appeal that defendants failed to meet their threshold burden of proving their entitlement to summary judgment under La. C.C.P. art. 966. Courts of Appeal will review only issues that were submitted to the trial court and that are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise. Uniform Rules – Courts of Appeal, Rule 1-3. Plaintiff assigns as error the trial court's ruling granting summary judgment, but she does not brief the merits of defendants' motion. Nevertheless, our *de novo* review of the record in its entirety indicates that defendants successfully met *their* threshold burden of proof under La. C.C.P. art.

---

[4] La. C.C.P. art. 966 D(1) provides:

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

966 D(1), namely, that plaintiff could not meet *her* burden of proving at trial that defendants breached the applicable standard of care.[5] As such, we find no error in the trial court's decision to grant summary judgment in favor of defendants.

CONCLUSION

The trial court's judgment striking plaintiff's untimely opposition to defendants' motion for summary judgment, denying plaintiff's oral motion for a continuance of the hearing, and granting defendants' motion for summary judgment, thereby dismissing with prejudice plaintiff Adrena Freeman's claims against Ochsner Clinic Foundation and Dr. George Fuhrman, is affirmed.

**AFFIRMED**

---

[5] Defendants deposed plaintiff's expert, Dr. Jacob Moreman, who testified that defendants *did not* breach the applicable standard of care in treating Ms. Freeman or in obtaining her informed consent to the surgery. Dr. Moreman's deposition was attached to defendants' second motion for summary judgment.

To succeed in a medical malpractice action against a health care provider, a plaintiff must prove the applicable standard of care and show that the defendant breached the standard of care or lacked the degree of knowledge or skill necessary to treat the claimant. La. R.S. 9:2794 A(2). Establishing that a medical provider breached the standard of care owed to the claimant generally requires expert testimony, unless "the negligence is so obvious that a lay person can infer negligence without the guidance of expert testimony." *McGlothlin v. Christus St. Patrick Hosp.*, 10-2775 (La. 7/1/11), 65 So.3d 1218, 1229 n. 4 (quoting *Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So.2d 880, 890). In light of defendants' evidence, including plaintiff's own expert's testimony that defendants did not breach the standard of care, Ms. Freeman cannot meet her burden of proof at trial, and summary judgment is appropriate. *See, e.g., Pfiffner v. Correa, M.D.*, 94-992 (La. 10/17/94), 643 So.2d 1228, 1234; *see also Suarez v. Mando*, 10-853 (La. App. 5 Cir. 3/29/10), 62 So.3d 131, 135, *writ denied*, 11-885 (La. 6/17/11), 63 So.3d 1036 (finding summary judgment proper where appellant failed to present expert testimony showing that defendant had breached the standard of care).

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **FEBRUARY 23, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 21-CA-401

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN D. ENRIGHT, JR. (DISTRICT JUDGE)
DON S. MCKINNEY (APPELLEE)          WILLIAM K. WRIGHT, IV (APPELLEE)

**MAILED**
RICHARD H. BARKER, IV (APPELLANT)
ATTORNEY AT LAW
601 POYDRAS STREET
SUITE 2345
NEW ORLEANS, LA 70130