| | | |
|---|---|---|
| **SHERRY PATRICK** | * | **NO. 2022-C-0766** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **MELVIN TRIAY, M.D.** | * | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

\* \* \* \* \* \* \*

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-10903, DIVISION "F-14"
Honorable Jennifer M Medley,
\* \* \* \* \* \*
**Judge Rosemary Ledet**
\* \* \* \* \* \*

(Court composed of Judge Joy Cossich Lobrano, Judge Rosemary Ledet, Judge Paula A. Brown)

C. Wm. Bradley, Jr.
David Adams
BRADLEY MURCHISON KELLY & SHEA LLC
1100 Poydras Street, Suite 2700
New Orleans, LA 70163-2700

     COUNSEL FOR RELATOR

Helen Babin
M. H. Gertler
Louis L. Gertler
935 Gravier Street, Suite 1900
New Orleans, LA 70112

     COUNSEL FOR RESPONDENT

**WRIT GRANTED; RELIEF DENIED**
**January 26, 2023**

This is a multi-defendant medical malpractice case. Relator is the sole remaining defendant, Melvin Triay, III, M.D. ("Dr. Triay"); Respondent is the plaintiff, Sherry Patrick ("Mrs. Patrick"). Dr. Triay filed this writ application seeking review of the trial court's September 20, 2022 judgment, denying his summary judgment motion. In accordance with the requirements of La. C.C.P. art. 966(H), we ordered additional briefing by the parties and heard oral arguments. For the reasons that follow, we grant Dr. Triay's writ, but deny relief.

*Factual and Procedural Background*

This medical malpractice case stems from the injuries Mrs. Patrick contends that she sustained as a result of a lengthy, surgical procedure—a prophylactic nipple sparing bilateral mastectomy with immediate breast reconstruction (the "Surgery"). The Surgery was performed at St. Charles Surgical Hospital in New Orleans. Dr. Triay was the anesthesiologist for the Surgery. Mrs. Patrick's husband, John Patrick, M.D. ("Dr. Patrick"), a board certified anesthesiologist, was allowed to observe part of the Surgery solely in a non-professional capacity.

According to Mrs. Patrick, her blood pressure was sustained at an elevated level—approximately 180/150 by the utilization of different pressures (ephedrine

1

and neosynephrine)—for an extended and excessive period during the Surgery. Although the hospital records fail to reflect this fact, Ms. Patrick alleges that her husband, Dr. Patrick, witnessed her elevated blood pressure. After the Surgery, Mrs. Patrick alleges she experienced field of vision loss caused by the elevated blood pressure and that her vision loss is permanent.

Mrs. Patrick filed a medical malpractice complaint with the Patient's Compensation Fund in July 2018 against multiple qualified health care providers, including Dr. Triay; and a Medical Review Panel ("MRP") was convened. Ms. Patrick's claims before the MRP included a claim for sustained elevated blood pressure during the Surgery. In August 2019, the MRP found that Mrs. Patrick's claim was not supported by the medical records. The MRP opined that "Dr. Triay did not deviate from the standard of care required of him. The records do not indicate that there was an extended period of time during which Mrs. Patrick's systolic blood pressure was greater than 180."

Two months later, Mrs. Patrick filed this medical malpractice case against, among others, Dr. Triay. In her petition, she repeated her claim that allowing her elevated blood pressure for an extended period during the Surgery constituted medical malpractice. She averred that the standard of care was breached "[b]y maintaining [her] blood pressure at a sustained high-level during surgery, causing permanent vision loss in the left eye and putting remaining retinal tissue at risk in both eyes."[1]

---

[1] Although Ms. Patrick initially included a lack of informed consent claim, the parties entered a consent judgment, agreeing that "there are no issues of material fact for trial regarding allegations against any of the above-named Defendants relating to Ms. Patrick's informed consent to the breast reconstructive surgery performed by the above-named Defendants on or about July 31, 2017."

A trio of summary judgment motions followed. Only one, however, is pertinent here—Dr. Triay's motion. Nonetheless, we briefly address all three motions to place Mrs. Patrick's arguments in context. The first motion was filed by the other defendants—St. Charles Surgical Hospital ("SCSH"), Center For Restorative Breast Surgery ("CRBS"), Dr. Christopher Trahan, Dr. William Ordoyne, and Dr. Scott Sullivan (collectively "Other Defendants"). The trial court denied Other Defendants' motion based on its finding of material issues of fact regarding the dispute over Mrs. Patrick's elevated blood pressure created by Dr. Patrick's testimony and Mrs. Patrick's expert, Dr. Joni Maga.

Thereafter, Other Defendants filed a combined motion—a second summary judgment motion and a *Daubert* motion. The *Daubert* motion sought to exclude testimony by Mrs. Patrick's expert, Dr. Maga. Dr. Triay, however, was not a party to the combined motion. Other Defendants requested the trial court first rule on the *Daubert* motion. In July 2022, the trial court granted the *Daubert* motion. In response, Mrs. Patrick filed a writ application to this court in August 2022.[2]

A few days before Mrs. Patrick filed her writ, Dr. Triay filed his summary judgment motion. Mrs. Patrick responded by filing a motion to continue and a combined opposition to both Dr. Triay's and Other Defendants' summary judgment motions. In both pleadings, she made the same argument—that considering the summary judgment motions was premature given the pending writ application to this court on the *Daubert* issue. Although her opposition was timely

---

[2] Although both Other Defendants' and Dr. Triay's summary judgment motions were pending and an October 8, 2022 trial date was set, Mrs. Patrick failed to seek a stay or expedited consideration when she filed her writ. She subsequently filed a motion to stay in this court, which this court denied as moot on the same day it rendered its writ opinion.

filed, it was untimely served. Regardless, Mrs. Patrick included no expert evidence in her opposition.

Arguments on Mrs. Patrick's motion to continue were heard on the same date as Dr. Triay's summary judgment motion. At the close of the hearing, the trial court denied Dr. Triay's summary judgment motion and found Mrs. Patrick's motion to continue moot. The trial court also found that Mrs. Patrick's opposition could not be considered given it was not timely served. This writ followed.

**DISCUSSION**

*Standard of Review and Governing Principles*

Appellate courts review a trial court's judgment on a summary judgment motion *de novo*. *See Planchard v. New Hotel Monteleone, LLC*, 21-0347, p. 2 (La. 12/10/21), 332 So.3d 623, 625. In so doing, appellate courts apply the same criteria that govern the trial court's decision as to whether a summary judgment motion should be granted—"whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law." *Planchard*, 21-00347, pp. 2-3, 332 So.3d at 625. The statutory provision that governs a summary judgment motion states that a summary judgment motion "shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3). The burden of proof on a summary judgment motion is governed by La. C.C.P. art. 966(D)(1), which provides for a shifting burden of proof.

An adverse party to a supported summary judgment motion may not rest on the mere allegations or denials of that party's pleading, but that party's response— either by affidavits or as otherwise provided by law—is required to set forth

4

specific facts showing the existence of a genuine issue of material fact for trial. If the adverse party fails to do so, the trial court is required to render summary judgment against that party. La. C.C.P. art. 967(B).[3]

The summary judgment procedure is favored and "designed to secure the just, speedy, and inexpensive determination of every action." La. C.C.P. art. 966(A)(2). The purpose of the procedure is to pierce the pleadings and to assess the evidence to determine if there are any genuine issues of material fact requiring a trial. *See Cutrone v. English Turn Prop. Owners Ass'n, Inc.*, 19-0896, p. 7 (La. App. 4 Cir. 3/4/20), 293 So.3d 1209, 1214. As this court has observed, "[t]he determination of whether a fact is material turns on the applicable substantive law." *Roadrunner Transp. Sys. v. Brown*, 17-0040, p. 7 (La. App. 4 Cir. 5/10/17), 219 So.3d 1265, 1270.

This is a medical malpractice case. In a medical malpractice case, a plaintiff must establish the following three elements: (i) the standard of care applicable to the defendant; (ii) the defendant breached that standard of care; and (iii) the existence of a causal connection between the breach and the resulting injury. *Samaha v. Rau*, 07-1726, p. 5 (La. 2/26/08), 977 So.2d 880, 883-84 (citing La. R.S. 9:2794). The general rule is that expert testimony is necessary to establish the applicable standard of care applicable to the defendant and whether the defendant breached that standard of care. *Samaha*, 07-1726, pp. 5-6, 977 So.2d at 884 (citing

---

[3] La. C.C.P. art. 967(B) provides:

> When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.

*Pfiffner v. Correa*, 94-0924, 94-0963, 94-0992 (La. 10/17/94), 643 So.2d 1228). Although there is an exception for obvious negligence, it is undisputed that the exception is inapplicable here.

The jurisprudence has recognized that a defendant-health care provider can use the MRP's favorable opinion to support a summary judgment motion. *Samaha*, 07-1726, pp. 17-18, 977 So.2d at 891 (citing La. R.S. 40:1299.47(H)). Here, Dr. Triay, as the summary judgment mover, satisfied his initial burden of proof by introducing the favorable MRP opinion. Given Dr. Triay properly supported his motion with the MRP opinion and other evidence coupled with the fact this is not an obvious negligence case, the impetus for Mrs. Patrick to produce expert testimony became especially "apt." *Jordan v. Cmty. Care Hosp.*, 19-0039, 19-0040, p. 13 (La. App. 4 Cir. 7/24/19), 276 So.3d 564, 577. "In this context, the jurisprudence has routinely upheld the granting of a 'no-expert' motion for summary judgment." *Jordan*, 19-0039, p. 13, 276 So.3d at 577 (citing *Williams v. Memorial Med. Ctr.*, 03-1806 (La. App. 4 Cir. 3/17/04), 870 So.2d 1044).[4]

Unlike the typical no-expert summary judgment scenario, this case presents an extra wrinkle. Here, Mrs. Patrick secured an expert. The trial court, however, granted Other Defendants' *Daubert* motion and disqualified Mrs. Patrick's expert. Less than a week before the summary judgment hearing, this court granted Mrs. Patrick's writ, reversed the trial court's *Daubert* ruling, and simultaneously denied

---

[4] *See Badeaux v. Watson*, 22-0634, p. 4 (La. App. 4 Cir. 12/15/22), ___ So.3d ___, ___, 2022 WL 17687846, *2 (observing "[i]t was clear error for the district court to find that the plaintiff's motion to continue was sufficient to overcome a properly filed and supported [no expert] motion for summary judgment"); *see also Hawthorne v. Tulane Med. Ctr.,* 22-0362, p. 1 (La. App. 4 Cir. 12/12/22) ___ So.3d ___, ___, 2022 WL 17579138, *1 (observing that "Ms. Hawthorne presented no expert witness evidence to show that she could satisfy her burden of proof at trial to prevail in her medical malpractice action against Dr. Patel" and thus affirming grant of summary judgment).

Mrs. Patrick's motion to stay. This court's ruling, however, was well beyond the time for Mrs. Patrick to file a supplemental opposition to Dr. Triay's summary judgment motion with her expert's opinion attached.

The following time line of the pertinent procedural events demonstrates that Mrs. Patrick was hindered in her ability to defend Dr. Triay's summary judgment motion by the unresolved *Daubert* issue:

- August 2, 2022 —Dr. Triay files summary judgment motion;

- August 10, 2022 —Mrs. Patrick files writ on *Daubert* motion ruling;

- August 23, 2022 — Mrs. Patrick files Motion to Continue in trial court;

- August 24, 2022 — Mrs. Patrick files Opposition to Summary Judgment Motion, but fails to serve opposition until August 25, 2022 (one day late);

- September 1, 2022—Mrs. Patrick files, in the pending writ before this court, a motion to continue (stay) the trial proceeding pending this court's ruling on her writ;

- September 2, 2022 —This court grants Mrs. Patrick's writ, reverses the trial court's judgment excluding Dr. Maga as Mrs. Patrick's liability expert; this court also renders an order denying Mrs. Patrick's motion to continue (stay) as moot;

- September 7, 2022—Other Defendants submit to trial court a consent judgment, granting their summary judgment motion (trial court signed this judgment on September 9, 2022); and

- September 8, 2022 —Trial court simultaneously declares Mrs. Patrick's motion to continue moot and denies Dr. Triay's summary judgment motion.

The jurisprudence has recognized that an unresolved *Daubert* issue may render consideration of a summary judgment motion premature.[5] Likewise, the jurisprudence has recognized that when discovery is hindered due to a discovery

---

[5] *See Dehart v. Jones*, 19-789, p. 17 (La. App. 3 Cir. 12/16/20), 310 So.3d 658, 671 (observing that "the trial court erred in rejecting Dr. Green's opinion evidence without first conducting a hearing to determine his qualifications to render opinions" and finding summary judgment premature); *see also Guardia v. Lakeview Reg'l Med. Ctr.*, 08-1369, p. 8 (La. App. 1 Cir. 5/8/09), 13 So.3d 625, 631.

issue beyond an opponent's control, summary judgment is premature.[6] Here, there was an unresolved *Daubert* issue, which presented a hindering circumstance beyond Mrs. Patrick's control. Mrs. Patrick brought this issue to the court's attention by filing a motion to continue. Once the *Daubert* issue was resolved by this court's writ opinion, the deadline for filing a timely opposition to Dr. Triay's motion had elapsed.

Although a trial court lacks discretion to consider a late-filed opposition, a trial court has discretion, based on equitable considerations, to continue the summary judgment hearing for "good cause" under La. C.C.P. art. 966(C)(2). *Auricchio v. Harriston*, 20-01167, p. 5 (La. 10/10/21), 332 So.3d 660, 663. Upon continuing the matter, the time limits for the summary judgment motion are reset. *See Reed v. Restorative Home Health Care, LLC*, 19-01974, p. 1 (La. 2/26/20), 289 So.3d 1028, 1028 (observing that "[w]hen a court grants a motion to continue a hearing on a motion for summary judgment, the filing deadlines are reset").

Applying the principles set forth above to the unique circumstances presented here, we find the trial court's ruling—albeit labelled a denial of Dr. Triay's summary judgment motion—was, in essence, a grant of Mrs. Patrick's motion to continue.[7] This finding protects and balances the rights of both sides of this litigation. *See Lamb v. Lamb*, 430 So.2d 51, 54 (La. 1983) (observing "[t]o

---

[6] *See Bourgeois v. Curry*, 05-0211, p. 10 (La. App. 4 Cir. 12/14/05), 921 So.2d 1001, 1008 (observing that, in the appropriate factual context, a court can "be receptive to an argument that discovery has been hindered by some circumstance beyond the [opponent's] control" and that the need for additional time to conduct discovery based on such a hindering circumstance should be documented in the record; the need should be "expressed in a motion to continue, motion to compel, or other pleading"); *see also Roadrunner*, 17-0040, p. 13, 219 So.3d at 1274.

[7] Although Mrs. Patrick did not seek review of the denial of the motion to continue, we note that the trial court did not deny the motion; the trial court declared it moot. A moot ruling is not a writ worthy one. Regardless, the trial court denied Dr. Triay's summary judgment motion. Mrs. Patrick, thus, had no reason to seek review.

allow this judgment to stand would be to permit technical pleading rules to triumph over actual justice"). This finding permits the parties to proceed with the benefit of this court's ruling on the qualification of Mrs. Patrick's expert, Dr. Maga.

### DECREE

For the foregoing reasons, we grant Relator's application for supervisory writ, but deny relief.

**WRIT GRANTED; RELIEF DENIED**