| | | |
|---|---|---|
| **PCOF PROPERTIES, L.L.C.** | * | **NO. 2021-CA-0341** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **LEVETTE D. JOSEPH AND** | * | |
| **GEORGE F. JOSEPH, III** | | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2017-12395, DIVISION "C"
Honorable Sidney H. Cates, Judge

* * * * * *

**Judge Edwin A. Lombard**

* * * * * *

(Court composed of Judge Edwin A. Lombard, Judge Roland L. Belsome, Judge Rosemary Ledet)

Mark J. Boudreau
James E. Uschold
JAMES E. USCHOLD, PLC
700 Camp Street, Suite 317
New Orleans, LA 70130

      COUNSEL FOR PLAINTIFF/APPELLEE

Gary Clark
CLARK LAW FIRM, LLC
6419 Memphis Street
New Orleans, LA 70124

      COUNSEL FOR DEFENDANTS/APPELLANTS

            **AFFIRMED**

            **DECEMBER 1, 2021**

The Appellants, Levette D. Joseph and her husband George F. Joseph, III, seek review of the July 24, 2020 judgment of the district court, granting the motion for summary judgment of the Appellee, PCOF Properties, L.L.C., and finding it to be the owner of a property purchased at tax sale. The Josephs further seek review of the district court's denial of their motion for new trial on November 30, 2020. Pursuant to our *de novo* review, we affirm the granting of PCOF's motion for summary judgment. Additionally, the judgment denying the motion for new trial is affirmed.

### Facts and Procedural History

In 2007, the Josephs purchased a home in New Orleans at 4650 Perelli Drive ("the Property"). The Property was later sold at tax sale on October 17, 2014, to DALNOLA TAX I, LLC, which it later sold the Property to Property to Precept Credit Opportunities Fund, L.P, through an act of Quitclaim of Louisiana Tax Sale Interest on July 1, 2016. Approximately 15 months later, PCOF purchased the Property from Precept Credit Opportunities Fund, L.P. on October 16, 2017,

through an act of Quitclaim of Louisiana Tax Sale Interest.[1] The sale was recorded with the Clerk of Court of Orleans Parish as Instrument Number 2017-40887 and Conveyance Number 627291.

PCOF filed a Petition to Confirm and Quiet Tax Title to Real Estate on December 27, 2017, naming the Josephs as defendants. It later filed a motion for summary judgment seeking to be recognized as the owner of the property because the Josephs were properly served with its petition and given post-tax sale notice therein, but failed to bring a nullity action. Following a contradictory hearing, the district court granted the motion for summary judgment in favor of PCOF. The Josephs timely filed a motion for new trial, which the district court denied. This timely appeal followed.

The Appellants raise two assignments of error on appeal:

1. The district court erred in granting the motion for summary judgment because of PCOF's noncompliance with the statutory requirements of La. Rev. Stat. 47:2266; and,

2. The district court erred in denying the Josephs' motion for new trial considering PCOF's noncompliance with Louisiana's statutory tax sale notice requirements.

## Motion for Summary Judgment

In *Bercy v. 337 Brooklyn, LLC*, 20-0583 (La. App. 4 Cir. 3/24/21), 315 So. 3d 342, *writ denied*, 21-00564 (La. 6/22/21), 318 So. 3d 698, we explained that motions for summary judgment are reviewed under the *de novo* standard on appeal

---

[1] The Josephs maintain that there is a factual dispute over whether their property taxes were paid and whether they were properly notified of the tax sale under Louisiana law.

2

and that the burden of proof rests with the mover, but may shift to the opposing party:

> 'Appellate courts review the grant or denial of a motion for summary judgment *de novo*, employing the same criteria that govern a trial court's determination of whether summary judgment is appropriate.' *Maddox v. Howard Hughes Corp.*, 2019-0135, p. 4 (La.App. 4 Cir. 4/17/19), 268 So.3d 333, 337. '[A] motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law.' *Romain v. Brooks Restaurants, Inc.*, 2020-0243, p. 3 (La.App. 4 Cir. 11/18/20), 311 So.3d 428, 431 (quoting La. C.C.P. art 966(A)(3)).

> \* \* \*

> La. C.C.P. art. 966(D)(1) provides that on a motion for summary judgment, although the burden of proof rests with the mover, if the mover will not bear the burden of proof at trial, the mover must only point out the absence of factual support for one or more elements essential to the adverse party's claim. The burden then shifts to the adverse party who has the burden to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

> 'A fact is material when its existence or nonexistence may be essential to the plaintiffs [sic] cause of action under the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute.' *Chapital v. Harry Kelleher & Co., Inc.*, 2013-1606, p. 5 (La.App. 4 Cir. 6/4/14), 144 So.3d 75, 81. Whether a fact is material is a determination that must be made based on the applicable substantive law. *Roadrunner Transp. Sys. v. Brown*, 2017-0040, p. 7 (La.App. 4 Cir. 5/10/17), 219 So.3d 1265, 1270 (citing *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751).

*Bercy,* 20-0583, pp. 2-4, 315 So. 3d at 345.

3

In the instant matter, the burden of proof rests with PCOF. The Josephs assert that the motion for summary judgment should be denied because PCOF's post-tax sale notice was legally deficient under La. Rev. Stat. 47:2266. The requirements for quieting tax sale titles under La. Rev. Stat. 47:2266(A)(1) and (2) state that notice to the property owner in a petition to quiet tax title shall notify the owner that they have six months after service of the suit to bring an action to annul the tax sale. The Josephs contend that PCOF failed to provide such notice and the district court erred in determining that PCOF complied with the statutory service and citation requirements.

PCOF, however, maintains that it established under La. Rev. Stat. 47:2266 that summary judgment was warranted because the Josephs were served with the petition and citation notifying it that it had six months to file a nullity action, which it failed to do. PCOF further avers that it set forth a *prima facie* case that there was a valid tax sale by introducing into evidence a certified copy of the tax sale certificate under La. Rev. Stat. 47:2155(B) and that title passed to it upon the expiration of the redemption period since the Josephs were duly notified at least six months prior to the expiration of the redemption period pursuant to Louisiana Revised Statutes 47:2121(C), 47:2286 and 47:2122(10).

Our review of the PCOF's petition reveals that it provided both proper and improper notice of the expiration of the redemption period. The Josephs were put on notice that they have six months to file a nullity action in the petition, which also incorrectly stated that the Josephs had 60 days to file a nullity action. Thus,

4

the issue presented is whether PCOF's petition satisfied the six-month statutory notice requirement in light of the conflicting notices. We find that it did.

La. Rev. Stat. 47:2266 (A)(1) provides in pertinent part:

> After expiration of the redemptive period, an acquiring person may institute an ordinary proceeding against the tax sale parties whose interests the petitioner seeks to be terminated. The petition shall contain a description of the property, the time and place of the sale, and the name of the officer who made the sale, the page and record book and date of filing of the tax sale certificate, and for adjudicated properties sold or donated by a political subdivision, reference to the page of record book and date of filing of the sale or donation, notice that the petitioner is the holder of tax sale title to the property by virtue of tax sale or is the owner of the property by virtue of a sale or donation of adjudicated property, and notice that the title and full ownership in the property will be confirmed unless a proceeding to annul is instituted within six months after the date of service of the petition and citation. . . .

In paragraph VI of the petition, PCOF provided the requisite notice:

> Petitioner hereby gives notice that the title and full ownership in the above described property will be confirmed unless a proceeding to annul is instituted within six (6) months after the date of service of this petition and citation.

However, in subsequent paragraphs, paragraph XIII for example, the petition also stated that notice was being given that the Josephs had 60 days to bring a nullity action:

> Petitioner hereby gives notice to the said defendants that it is the owner of the aforementioned property by virtue of the aforementioned tax sale and that the title to the aforementioned property shall be confirmed in these proceedings unless proceedings to annul the aforementioned tax sale are instituted by the said defendants within *sixty days* from the date of service of this petition and citation on said defendants, and therefore petitioner pleads the expiration of the three year redemptive period pursuant to (Louisiana Revised Statute 47:2228, now repealed) or R.S. 47:2266, Article 7,

> Section 25 of the Louisiana constitution, and desires to have the title to the subject property confirmed and quieted in accordance with law. [Emphasis added.]

The 60 day time period was also referenced in paragraph XIV of PCOF's petition. The Josephs aver that because PCOF relied upon the service of its suit and the notice contained therein to support its motion for summary judgment, but provided deficient post-tax sale notice under La. Rev. Stat. 47:2266, the motion for summary judgment should be denied.

While putting the Josephs on notice of a 60 day time frame to commence annulment proceedings was indeed an error, we do not find that this error nullified the proper notice of the six month time period for commencing a nullity action. Furthermore, the Josephs filed an answer to the petition, but did not file a nullity action at any point within this proceeding. The Josephs do not address the fact that notice was given once in the petition of the six month period to commence a nullity action. They cite no legal authority for the proposition that proper notice is nullified by incorrect notices cited in the same petition.[2] Pursuant to our *de novo* review, we find that the correct notice was contained within the petition; therefore, we affirm the district court's grant of the motion for summary judgment. This assignment of error is without merit.

Furthermore, having found that the district court did not err in finding PCOF complied with the statutory tax sale notice requirements, we find that the district court did not abuse its discretion in denying the motion for new trial. This assignment of error is also without merit.

---

[2] The Josephs further assert that there were deficiencies with the pre-sale notice of the tax sale; however, only deficiencies in post-tax sale notice provide a ground for seeking nullification of a tax sale. *Stow-Serge v. Side by Side Redevelopment, Inc*., 20-0015, p. 5 (La. App. 4 Cir. 6/10/20), 302 So.3d 71, 76, *writ denied*, 20-00870 (La. 10/14/20), 302 So.3d 1120.

6

## DECREE

For the foregoing reasons, we affirm the granting of the motion for summary judgment of PCOF Properties, L.L.C and the denial of the motion for new trial of the Levette D. Joseph and George F. Joseph, III.

**AFFIRMED**