ULFERS DEVELOPMENT, LLC

VERSUS

A AND C HOLDINGS LLC, GEORGE ACKEL,
AND GABRIEL CORCHIANI

NO. 22-CA-268

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 806-058, DIVISION "F"
HONORABLE MICHAEL P. MENTZ, JUDGE PRESIDING

March 29, 2023

**SUSAN M. CHEHARDY**
**CHIEF JUDGE**

Panel composed of Judges Susan M. Chehardy,
Jude G. Gravois, and Stephen J. Windhorst

<u>**AFFIRMED**</u>
  **SMC**
  **JGG**
  **SJW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
ULFERS DEVELOPMENT, LLC
    Thomas M. Flanagan
    Camille E. Gauthier
    Alixe Duplechain

COUNSEL FOR DEFENDANT/APPELLANT,
A AND C HOLDINGS, LLC AND GEORGE ACKEL
    Janna C. Bergeron

**CHEHARDY, C.J.**

Defendants-appellants, A and C Holdings, LLC and George Ackel, appeal the trial court's judgment granting a motion for partial summary judgment and a motion for summary judgment in favor of plaintiff-appellee, Ulfers Development, LLC. For the reasons that follow, we affirm the trial court's ruling. Ulfers' request for additional attorney's fees and costs on appeal is denied.

*Background and Procedural History*

This dispute is among the parties to a lease of commercial property located at 3005 Veterans Boulevard in Metairie. In 2013, plaintiff Ulfers Development, LLC, received an assignment of the lessor's entire interest in the Lease.[1] In January 2017, A and C Holdings, LLC ("A&C"), acquired the previous tenant's interest in the lease. Defendants George Ackel and Gabriel Corchiani were the members of A&C. Ackel and Corchiani signed a personal Guaranty that "unconditionally guarantee[d] the obligations of the Tenant" under the terms of the Lease between A&C and Ulfers.

Rather than occupying the premises itself, A&C intended to find a commercial third party to occupy the property as sublessee. The Lease provided that A&C could sublease the property with Ulfers' consent, which would not be "unreasonably withheld or delayed." Whether the property was occupied or vacant, however, A&C was obligated to make monthly rental payments to Ulfers. A&C paid rent through June 2019. After that time, and while A&C was negotiating with potential sub-lessees to take over the commercial space, A&C stopped paying rent.

---

[1] Ulfers acquired the Lease in May 2013 through an Assumption and Assignment of Leases and Subleases by Lacasu Lands, Inc. The president of Lacasu Lands, Inc. was Lawrence E. Chehardy. Chief Judge Chehardy was a minority shareholder in the corporation. Lacasu was dissolved shortly after it assigned the Lease to Ulfers, and neither Chief Judge Chehardy nor Lawrence E. Chehardy has any ongoing relationship with Ulfers or any interest in the property or lease at issue, the subject of this dispute, or the outcome of this case.

In a December 2019 letter, A&C acknowledged that its rental payments were in arrears, but it failed to make any more rental payments, notwithstanding the eventually successful sublease between A&C and a third party. In April 2020, Ulfers filed a Petition for Breach of Commercial Lease Agreement naming A&C, George Ackel, and Gabriel Corchiani as defendants, asserting that they had breached the Lease in failing to pay rent. Ulfers' petition sought payment of past-due and future rent, late fees, pre- and post-judgment interest, maintenance and related expenses, unpaid property taxes, and legal fees and expenses. Defendants A&C and Ackel filed an Answer and Reconventional Demand asserting claims against Ulfers for fraudulent inducement, bad faith, breach of contract, and fraud.[2]

On April 19, 2021, the trial court entered a Judgment of Eviction in response to a Rule for Possession of Premises that Ulfers had filed. The judgment ordered A&C to deliver possession of the property to Ulfers and specifically reserved Ulfers' monetary claims for unpaid rent, attorney's fees, and other amounts to which Ulfers may be entitled. A&C did not appeal that judgment.

On October 18, 2021, Ulfers filed a motion for partial summary judgment against all three defendants specifying the amounts it sought for unpaid rent and related demands: (a) $228,044.82 in unpaid base rent; (b) $35,105.20 in unpaid additional rent and property taxes; (c) $28,407.77 in late fees for unpaid rent; (d) post-judgment interest; and (e) attorney's fees and costs.

---

[2] Defendant Gabriel Corchiani filed an answer and asserted a cross claim against A&C and Ackel. A&C and Ackel then asserted a counter cross claim against Corchiani. The three defendants eventually entered into a consent judgment regarding their cross claims and counter cross claims, which are not at issue on appeal. At the January 10, 2022 summary judgment hearing, counsel for Mr. Corchiani indicated that Mr. Corchiani sold his ownership interest in A&C to Mr. Ackel in September or October of 2017. On appeal, Corchiani Investments, LLC moved to intervene. In a December 20, 2022 Order, this Court joined Corchiani Investments as a party to these proceedings, "based on the assignment of interest in the March 14, 2022 judgment from Ulfers Development, LLC to Corchiani Investments, LLC." In a December 21, 2022 letter to this Court, counsel for Corchiani Investments adopted the Appellee brief filed by Ulfers Development, LLC.

On November 17, 2021, Ulfers filed a second motion for summary judgment seeking the dismissal of A&C and Ackel's reconventional demand. The trial court scheduled a hearing for January 10, 2022 to consider both summary judgment motions.

On December 23, 2021, defendants A&C and Ackel filed a "Joint Motion to Allow a Late Filing of Opposition Memoranda to Plaintiff's Motion for Summary Judgment," requesting until Monday, December 27, 2021, to file their opposition. The trial court granted the motion.[3] Defendant Corchiani timely filed his opposition to plaintiff's motions for partial summary judgment on December 27, 2021. Corchiani's opposition did not include any attachments, however. Defendants A&C and Ackel unsuccessfully attempted to fax-file their combined opposition to Ulfers' motions for summary judgment on December 28, 2021, and successfully fax-filed their opposition and attachments on December 29, 2021.

At the January 10, 2022 hearing, in the midst of the parties' arguments on the merits of Ulfers' motions for summary judgment, the trial court indicated that A&C and Ackel's opposition memoranda and attachments were not in the record. The hearing transcript indicates that counsel for defendants responded: "Your Honor, if that's the case perhaps we reset this and give the Clerk some time to process it, because it's been sent." The trial court decided to "suspend" the hearing "for a moment" so that defense counsel would have an opportunity to consult the Clerk's Office to determine whether the originals had been received timely. A few minutes later, defense counsel reported that the Clerk indicated that the originals had not been received yet. Defense counsel again suggested that the trial court "suspend the hearing" to give the Clerk's office an opportunity to process the mail

---

[3] Pursuant to the language in La. C.C.P. art. 966, December 27, 2021 was the last day that the oppositions could be filed, thus, the motion seeking an extension of time to file the opposition on that date was not necessary. Moreover, if defendants had asked to file their opposition fewer than 15 days from the date of the hearing, under *Auricchio*, the trial court would have had no discretion to grant such a motion, as discussed *infra*.

arriving that afternoon. In response, plaintiff's counsel stated that the parties should continue to argue the merits of the summary judgment motions, and the trial court agreed.

Continuing with the January 10, 2022 hearing, defense counsel argued that Ulfers acted unreasonably in 2019 when it refused to renegotiate the terms of the Lease in order to accommodate a potential sublessee of A&C; further, that Ulfers acted in bad faith by misrepresenting the size of the premises in the Lease, thereby eliminating a second potential sublessee of A&C. The trial court asked defense counsel for the substantive law related to a lessor's unreasonable withholding of approval for a sublease, and defense counsel agreed to provide additional briefing.

In response, Ulfers argued that it had no duty to extend the period of the Lease and that defendants had failed to point to any breach of a duty that Ulfers owed them. Without allegations of a breach, defendants could not pursue a "bad-faith" claim against Ulfers, and defendants had failed to point to any violation or breach of the Lease by Ulfers.

At the conclusion of the January 10, 2022, hearing, the trial court stated:

> What I'm going to do is (a) [defense counsel], you said you could submit cases on the bad faith, I'm going to give you maybe by the end of the week to get me that. And then I'm going to reset y'all for two weeks. … and then we should know whether a letter that's postmarked, … I need to find a, I guess, the envelope reflecting that [the opposition] was mailed within the [seven] days. … And depending on what that results, [plaintiff] may need to file a memorandum or something in response to that if something does show up.

In sum, the trial court indicated that it would "reset" the hearing for two reasons: 1) to determine the date that the Clerk received defendants' original opposition materials, and (2) to grant the parties additional time to address the law on defendants' bad-faith allegations, effectively amounting to a request for post-hearing briefs.

On January 14, 2022, defendants filed a "Memorandum on Plaintiff's Bad Faith" and attached new, supplemental affidavits of George Ackel and of a third party. Ulfers filed a motion to strike as untimely filed defendants' December 2021 fax-filed opposition and exhibits as well as the supplemental affidavits attached to defendants' January 14, 2022 post-trial memorandum. Ulfers also filed an Objection and Response to defendants' supplemental memorandum to address its contention that "bad faith" does not exist in the abstract and is not an independent claim. Rather, allegations of bad faith arise in relation to a breach of a duty, and a finding of bad faith, in conjunction with the breach of a duty, affects only the element of damages.

At the January 26, 2022 hearing, defendants confirmed that the Clerk's office did not receive their original opposition materials until January 11, 2022, a day after the original summary judgment hearing. The trial court stated that its hands were tied by the Louisiana Supreme Court's *Auricchio* decision and determined that it was not authorized to consider defendants' late-filed opposition. The trial court granted Ulfers' motion for partial summary judgment, awarding unpaid rent, fees, and expenses, and granted Ulfers' motion for summary judgment, dismissing defendants' reconventional demand. The trial court signed a Final Judgment on March 14, 2022, awarding Ulfers $372,754.18 and dismissing with prejudice all claims of the plaintiffs-in-reconvention, A&C and Ackel.[4]

Defendants A&C and Ackel appeal. Ulfers answered the appeal to request an award of additional attorney's fees and costs for defending this appeal.

*Discussion*

A&C and Ackel, the appellants, assert a single assignment of error on appeal: that the trial court erred in granting plaintiff's motions for summary

---

[4] The judgment awarded Ulfers $372,754.18, consisting of (1) $291,557.79 in unpaid rent, additional rent, and late fees, and (2) $81,196.39 in attorney's fees, costs, and expenses.

judgment "based solely upon its reliance on *Auricchio* … and its determination that the Opposition Memorandum of Defendants, A & C Holdings, LLC and George Ackel, was not timely filed." They contend that because the trial court agreed to "continue" the hearing to January 26, 2022, the filing of their opposition to Ulfers' motions for summary judgment on January 11, 2022, fifteen days before the January 26 hearing, was timely.

Plaintiff-appellee Ulfers points out that the parties argued the merits of the motions at the January 10, 2022 hearing and that the trial court never granted a continuance; it merely agreed to an additional setting on January 26, 2022 for the limited purposes of (i) determining whether defendants' opposition was timely received in the Clerk's office, and (ii) to give the parties time to submit additional legal briefing on defendants' allegations of bad faith.

La. C.C.P. art. 966 provides that an opposition to a motion for summary judgment must be filed at least 15 days before the scheduled hearing date. In *Auricchio v. Harriston*, 20-1167 (La. 12/10/21), 332 So.3d 660, the defendant filed a motion to continue a summary judgment hearing, which the trial court denied. The trial court nevertheless accepted the defendant's late-filed opposition. But the Louisiana Supreme Court held that when a trial court has denied a motion to continue a summary judgment hearing, the court no longer has discretion to accept a litigant's late-filed opposition. The Court stated: "The clear and unambiguous language of Article 966(B)(2) says that, absent the consent of the parties and the court, an opposition *shall* be filed within the fifteen-day deadline established by the article. The word 'shall' is mandatory." 332 So.3d at 663 (emphasis in original). The Court further indicated:

> The 2015 amendment [to Article 966] removed language that expressly gave the trial court the discretion, upon a showing of "good cause," to afford additional time to oppose a motion for summary judgment. By removing the discretionary language and replacing it with mandatory

> language, we must assume the legislature intended to change the law to eliminate the previously afforded discretion.

*Id.*; *see also Freeman v. Ochsner Clinic Foundation*, 21-401 (La. App. 5 Cir. 2/23/22), 2022 WL 533893 (affirming the trial court's decision to deny a motion to continue the hearing and the court's refusal to accept a litigant's late-filed opposition); *Cantrelle v. Brady*, 22-272 (La. App. 5 Cir. 2/27/23), 2023 WL 2236628, at *2 ("Because Ms. Cantrelle filed her second opposition one day before the hearing on the motion for summary judgment, well outside the deadline mandated in La. C.C.P. art. 966(B)(2), we find no error in the trial court's decision not to consider the second opposition or any of the exhibits attached thereto.").

Here, although A&C and Ackel requested an extension of time on December 23, 2021 to file their opposition, they did not subsequently file a motion to continue the January 10, 2022 hearing. A&C and Ackel concede that they did not fax-file their opposition to Ulfers' motions for summary judgment until December 29, 2021, two days beyond the deadline that they initially requested. Additionally, they failed to comply with La. R.S. 13:850(B), which states that when a party fax-files a pleading, motion, or opposition, the original materials must be delivered to the Clerk of Court's office no later than seven days, excluding holidays, after the fax filing.

Even assuming that the December 29 fax-filed opposition was timely filed under La. C.C.P. art. 966 (it was not), and excluding all applicable holidays, the original materials should have been received in the Clerk's Office no later than January 10, 2022. The Clerk did not receive the original materials until January 11, however—one day beyond the deadline. Under La. R.S. 13:850(C), if the filing party fails to comply, "the facsimile filing shall have no force or effect."

Moreover, nothing in the transcript of the January 10, 2022 hearing indicates that the trial court granted a continuance of the summary judgment hearing "for

good cause," and our thorough review of the January 10 hearing transcript reveals that the trial court thoughtfully considered the parties' arguments on the merits, even without admitting defendants' untimely opposition materials.

A trial court's decision to hear a motion for summary judgment or to grant a continuance is reviewed for an abuse of discretion. *Freeman*, 2022 WL 533893, at * 3 (citing *Roadrunner Transp. Systems v. Brown*, 17-0040 (La. App. 4 Cir. 5/10/17), 219 So.3d 1265, 1272). To the extent that defendants orally requested a continuance by asking the trial court to "reset" the summary judgment hearing, we find no abuse of the trial court's discretion in failing to grant a continuance. Furthermore, we find the trial court's decision to leave the hearing open in order to address two discrete issues at a later date did not constitute a "good cause" continuance for the purposes of giving defendants additional time to file their original opposition materials. As such, defendants' contention that the trial court erred in refusing to consider A&C and Ackel's late-filed opposition is without merit.

Our inquiry does not end here, however, because even without defendants' opposition to plaintiff's motions for summary judgment, the movant retains the burden of establishing that there are no genuine issues of material fact and that he is entitled to summary judgment as a matter of law. La. C.C.P. art. 966 D(1); *Freeman*, 2022 WL 533893, at * 3.

Our *de novo* review of the record in its entirety indicates that Ulfers established that it was entitled to the past due rent and related fees.[5] Attachments to Ulfer's motion for partial summary judgment include the Lease between the

---

[5] Courts of Appeal generally review only the issues that are contained in specifications or assignments of error. *See Freeman*, 2022 WL 533893, at *3 (citing Uniform Rules – Courts of Appeal, Rule 1-3). In their original brief, defendants do not assign as an issue on appeal that the trial court's judgment was erroneous on the merits. Instead, they argue only that the trial court erred in granting summary judgment "based <u>solely</u> upon its reliance on *Auricchio*." (Emphasis added).

parties, as well as affidavits and deposition testimony establishing that the defendants stopped paying rent after June of 2019. The terms of the Lease expressly set out the amount due and the respective penalties to be awarded. Defendants were previously evicted for failure to pay the rent, but they did not appeal the trial court's judgment of eviction. The language of the Lease clearly and unequivocally provides for rent, penalties for failure to pay rent, unpaid property taxes, and attorney's fees and costs, a fact that defendants do not dispute.

Indeed, defendants never meaningfully contested the amounts that Ulfers claimed it was owed under the terms of the Lease. Rather, defendants argued that Ulfers had agreed not to collect rent while negotiations with potential sublessees were ongoing in 2019. Ulfers produced evidence of defendants' December 2019 acknowledgement that the rent was past due, however, which defendants have not refuted. Defendants further argued that the Lease listed the premises as being "approximately 3,000 square feet," and because the premises was less than the 3,000 square feet, Ulfers was acting in bad faith and defendants should not have been cast for the full past-due rental amount. But again, even if defendants' opposition materials had been timely filed and could be considered here, those materials are bereft of any evidence that is admissible under La. C.C.P. art. 966 A(4) and 967 A to corroborate these allegations. After *de novo* review, we find the trial court did not err in granting plaintiff's motion for partial summary judgment and awarding $372,754.18 plus post-judgment interest in favor of Ulfers and against A&C and Ackel.

Likewise, we find no error in the trial court's decision to grant Ulfers' motion for summary judgment seeking dismissal of the reconventional demand. As defendant-in-reconvention, Ulfers met its prima facie burden of proving that the plaintiffs-in-reconvention, A&C and Ackel, could not meet their burden of proving their bad-faith claims at trial. Again, even if we were to consider A&C and Ackel's

untimely opposition materials, nothing in those materials establishes that Ulfers breached a duty that it owed to A&C under the lease. As discussed above, defendants' bad-faith claim regarding Ulfers' alleged misrepresentation of the square footage of the premises is not supported by admissible summary judgment evidence. A&C and Ackel further contend that Ulfers acted in bad faith in refusing to renegotiate the terms of the Lease to satisfy the demands of A&C's potential third-party sublessees, but these allegations are not supported at law. "[J]udicial determination of good-faith (or bad-faith) failure to perform a conventional obligation is always preceded by a finding that there was a failure to perform, or a breach of the contract." *Favrot v. Favrot*, 10-986 (La. App. 4 Cir. 2/9/11), 68 So.3d 1099, 1110, *writ denied*, 11-636 (La. 5/6/11), 62 So.3d 127. *See also Lamar Contractors, Inc. v. Kacco, Inc.*, 15-1430 (La. 5/3/16), 189 So.3d 394, 397 (finding that an obligor cannot establish that an obligee has contributed to the obligor's failure to perform unless the obligor can prove the obligee itself failed to perform duties owed under the contract). A&C and Ackel, the plaintiffs-in-reconvention, have failed to prove that Ulfers had a contractual duty to renegotiate the terms of the Lease with A&C to satisfy a potential third-party sublessee. As such, defendants have not met their burden of proving that they can establish at trial that Ulfers breached some term of the Lease, and that it can be held liable for bad-faith damages. As such, after *de novo* review, we find that Ulfers met its prima facie burden of proof and see no error in the trial court's judgment granting the motion for summary judgment to dismiss the reconventional demand.

*Answer to Appeal*

Finally, Ulfers answered defendants' appeal to request an award of additional attorney's fees and costs for handling this appeal. We deny Ulfers' request. *See Bamburg v. Air Systems, LLC*, 53,848 (La. App. 2 Cir. 4/14/21), 324 So.3d 213, 222-23 (finding that trial court's award of attorney's fees was "more

than sufficient" to compensate counsel for work done in the trial and appellate courts).

*Decree*

The trial court's judgment granting plaintiff Ulfers Development, LLC's motion for partial summary judgment to award $372,754.18 against defendants, A and C Holdings, LLC, Gabriel Corchiani, and George J. Ackel a/k/a George J. Ackel III, is affirmed. The trial court's judgment granting Ulfers' motion for summary judgment and dismissing with prejudice the reconventional demand asserted by A and C Holdings, LLC and George J. Ackel a/k/a George J. Ackel III, also is affirmed. Ulfers' request for additional attorney's fees and costs is denied.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
CORNELIUS E. REGAN, PRO TEM

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**MARCH 29, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 22-CA-268

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE MICHAEL P. MENTZ (DISTRICT JUDGE)
ALIXE DUPLECHAIN (APPELLEE)          CAMILLE E. GAUTHIER (APPELLEE)          THOMAS M. FLANAGAN (APPELLEE)
JANNA C. BERGERON (APPELLANT)        MATTHEW L. PEPPER (APPELLANT)          JARRED P. BRADLEY (APPELLEE)

### MAILED
JACK M. CAPELLA (APPELLANT)          GEORGE ACKEL  (APPELLANT)
ATTORNEY AT LAW                      6025 JEFFERSON HIGHWAY
3421 NORTH CAUSEWAY BOULEVARD        SUITE C
SUITE 105                            HARAHAN, LA 70123
METAIRIE, LA 70002